## DOHONOV GALLOWAY v. WILLIAM E. HARTMAN.

(Filed 20 September, 1967.)

1. **Negligence § 24a—**

   On motion for nonsuit on the issue of negligence, the evidence is to be considered in the light most favorable to the plaintiff, and the motion is properly denied when there is sufficient evidence to support the essential elements of actionable negligence.

2. **Automobiles. § 19—**

   A municipality has plenary power to regulate traffic at intersections, and a motorist approaching an electrically controlled signal at an intersection of streets or highways may presume, in the absence of notice to the contrary, that it was erected by lawful authority, and he is under duty to

GALLOWAY v. HARTMAN.

maintain a proper lookout and to keep his vehicle under reasonable control in order that he may stop if the green light changes to yellow or red before he actually enters the intersection.

**3. Automobiles § 57—**

Plaintiff's evidence was to the effect that a street intersected a north-south highway from the west, that the highway had two south bound lanes and one north bound lane, that plaintiff entered the intersection from a restaurant driveway opposite the street after plaintiff had observed that the lights for south bound traffic on the highway were red, and that plaintiff, traveling westerly, was hit on the right by defendant's vehicle traveling south in the middle lane of the highway. *Held:* The evidence is sufficient to be submitted to the jury on the issue of defendant's negligence.

**4. Negligence § 26—**

Nonsuit on the ground of contributory negligence should be allowed only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes the defense that no other reasonable inference or conclusion can be drawn therefrom.

**5. Automobiles § 79—**

Failure of a motorist to yield the right-of-way to traffic on a public highway, G.S. 20-38(23), does not compel a finding of contributory negligence as a matter of law when there is evidence that traffic on the highway was faced with a red traffic light and there is no evidence of anything to give notice that a motorist on the highway would not obey the traffic control signal.

APPEAL by plaintiff from *Martin, S.J.,* February-March 1967 Special Session of TRANSYLVANIA.

Civil action to recover for personal injuries and property damage allegedly caused by the actionable negligence of defendant in the operation of his 1961 Cadillac automobile, which collided with plaintiff's 1962 Oldsmobile within the intersection of U. S. Highway 25 and Fleming Street in Hendersonville, North Carolina, at approximately 12:45 P.M. on 14 October 1965.

Plaintiff alleged defendant was negligent in that:

"(a)   He operated his said automobile without regard for the safety of persons traveling upon the public highways of North Carolina, and without keeping a proper lookout for said persons and vehicles, contrary to such laws made and provided.

"(b)   That he drove his said automobile through a red traffic signal and into the car operated by this plaintiff, contrary to the laws in such cases made and provided.

"(c)   That he drove his vehicle into the vehicle operated by this plaintiff when in the exercise of reasonable diligence he should have seen the automobile driven by this plaintiff."

Defendant answered and counterclaimed against plaintiff for personal injuries and property damage. Defendant in his answer,

also pleaded contributory negligence as a bar to plaintiff's recovery, alleging that plaintiff was guilty of contributory negligence in the following respects:

"(a)  Negligently operating said vehicle in wanton and reckless disregard for the rights and safety of others;

"(b)  Negligently operating said vehicle on a public street or highway without maintaining a proper lookout;

"(c)  Negligently operating said vehicle over and upon a public street or highway without having same under proper control;

"(d)  Negligently operating said vehicle at a fast, reckless and unlawful rate of speed;

"(e)  Negligently entering a public street or highway from a private driveway without ascertaining that such could be done in safety;

"(f)  Negligently operating said vehicle from a private driveway and immediately into the path of the defendant's vehicle, and thereby colliding with the defendant's vehicle."

Plaintiff's witness, W. E. Simpson, the investigating police officer, testified orally and illustrated the physical facts of the collision scene on a blackboard, a photograph of which was admitted into evidence as plaintiff's exhibit 7. His evidence tended to show: That U. S. Highway 25 is a north-south highway, 37 feet wide at the intersection, having three lanes of traffic, two southbound and one northbound. A white line, referred to as a stop bar, extends across both southbound lanes and is located 5 feet north of the northern curb of Fleming Street. The inside southbound lane is separated from the northbound lane by a double yellow line. Fleming Street is 30½ feet wide and intersects U. S. 25 from the west, forming a "T". The driveway from the A and W Restaurant is 29 feet wide and intersects U. S. 25 from the east. The southern boundary of the driveway is about on a line with the northern boundary of Fleming Street. Two traffic lights control the southbound traffic on U. S. 25 and are suspended over each southbound lane about 8 feet south of the southern boundary of Fleming Street. A traffic light controlling the northbound traffic and hanging over the center of that lane, is located on a line with the southern boundary of the driveway. A traffic light controlling the Fleming Street traffic is located on the eastern boundary of U. S. 25 at about the center of Fleming Street. There is no traffic light controlling the traffic on the driveway from the A and W Restaurant. The traffic lights were installed and maintained by an engineer for the City of Hendersonville. Unless a motorist is "calling for time" from Fleming Street, the two lights controlling the two southbound lanes of traffic on U. S. 25 turn red every 60 seconds and remain red for 15 seconds. These two

lights turn red and green at the same time. There was a 12-inch tire mark in a straight line and then 4 or 5 inches to the right leading up to the left front wheel of defendant's vehicle. This vehicle was damaged on the left front. Dirt was to the east end of the tire marks and in front or south of the stop bar in the outside southbound lane. Patrolman Simpson further testified: "The Hartman car ⅃as sitting in the right-hand, southbound traffic lane on U. S. 25 when I arrived at the scene. The Galloway car was rammed into a retaining wall, beside the Little Colonel Packing Store." Plaintiff's car came to a stop about 114 feet from the point of impact. A vehicle belonging to Thomas Miller and not involved in the collision, was in the inside southbound lane at the time of the collision. The speed limit on U. S. 25 was 35 miles per hour. Other than automobiles, there are no obstructions on the road or near U. S. 25 for traffic leaving the A and W Restaurant. The weather was clear and the roadway dry on the day of the collision.

Plaintiff testified in substance: On 14 October 1965 she, accompanied by her mother and father, went to A and W Drive-In Restaurant in Hendersonville, North Carolina, for lunch. There were two entrances to the Drive-in from U. S. 25, one to the north and one to the south. Plaintiff left the Drive-in by the driveway referred to as the southern exit. She stopped her automobile and waited for the light controlling the southbound traffic on U. S. 25 to turn red. When the light turned red, she observed an automobile stopped to her north on the inside lane of traffic on U. S. 25, going south, and she then pulled out of the driveway to go across to Fleming Street, which intersects U. S. 25. She was going straight across to Fleming Street at a slight angle. She said:

> "I didn't see any traffic on U. S. 25 at the time of the accident, only this one car that was stopped. As I crossed U. S. 25 from the driveway of the A and W restaurant toward Fleming Street, Mr. Hartman hit me. The front part of my car was damaged, that is, the right front. I did not see Mr. Hartman on that occasion. The automobile that was stopped on the inside lane of the southbound two lanes on U. S. 25 remained stationary from the time I left the driveway until the time of the impact. . . . The impact which I felt was not on the right front fender. It was on the right side of the car, not the fender."

She further testified that she was traveling at a speed of about ten miles per hour at the time of the impact. There were no traffic signals of any kind for traffic coming from A and W Drive-in. Her evidence as to her direction of travel was in conflict. She also testi-

GALLOWAY *v.* HARTMAN.

fied as to her personal injuries, medical treatment and property damage.

Plaintiff introduced that portion of Paragraph 4 of defendant's further answer which alleged "That at the aforesaid time and place, the City of Hendersonville had erected and was maintaining a traffic signal at the intersection of U. S. Highway 25 and Fleming Street," and the corresponding portion of Paragraph 4 of her reply, which is as follows: "It is not denied that the City of Hendersonville had erected and was maintaining a traffic signal at the intersection of U. S. Highway 25 and Fleming Street."

At the conclusion of plaintiff's evidence the court allowed defendant's motion for judgment as of nonsuit. Defendant took a voluntary nonsuit as to his counterclaim against plaintiff.

Plaintiff appealed.

*Potts and Hudson and Van Winkle, Walton, Buck & Wall for plaintiff.*

*Uzzell and DuMont for defendant.*

BRANCH, J. Appellant contends the court erred in allowing defendant's motion for nonsuit, in that there was sufficient evidence of actionable negligence on the part of defendant to carry the case to the jury, and in that plaintiff's evidence, taken in the light most favorable to her, did not establish that plaintiff was guilty of contributory negligence as a matter of law.

In order for plaintiff to survive the motion for nonsuit, she must first offer sufficient evidence, when taken in the light most favorable to her, and when she is given the benefit of all permissible inferences to be drawn from it, to support all essential elements of actionable negligence. *McFalls v. Smith,* 249 N.C. 123, 105 S.E. 2d 297; *Lake v. Express, Inc.,* 249 N.C. 410, 106 S.E. 2d 518; *Barefoot v. Joyner,* 270 N.C. 388, 154 S.E. 2d 543.

> "Actionable negligence embraces negligence and proximate cause. The elements of each have been clearly defind. *Ramsbottom v. R. R.,* 138 N.C. 38, 41, 50 S.E. 448; *Hall v. Coble Dairies,* 234 N.C. 206, 67 S.E. 2d 63. There is no controversy as to these well established rules." *Williamson v. Clay,* 243 N.C. 337, 90 S.E. 2d 727.

The collision involved in this appeal occurred at an intersection where the traffic moving in defendant's direction was controlled by electrically operated signals. It is admitted in the pleadings that this traffic signal was erected and maintained by the City of Hendersonville.

Municipalities have plenary power to regulate traffic at intersections. *Upchurch v. Funeral Home*, 263 N.C. 560, 140 S.E. 2d 17. This Court held in the case of *Kelly v. Ashburn*, 256 N.C. 338, 123 S.E. 2d 775, that stop signs erected by the State Highway Commission and local authorities on an intersecting highway or street pursuant to G.S. 20-156(a) is a method of giving the public notice that traffic on one is favored over the other, and that a motorist facing a stop sign must yield. In that case the Court further stated: "Stop signs at intersections are in such general use and their function so well known that a motorist, in the absence of notice to the contrary, may presume that they were erected by lawful authority." While that case relates to a stop sign, rather than an electrically controlled signal, it would seem that the reasoning applied in that case would likewise be applicable to the present state of facts. Moreover, this Court considered the effect and meaning of electrically controlled traffic signals in the case of *White v. Cothran*, 260 N.C. 510, 133 S.E. 2d 132, where Denny, C.J., speaking for the Court, said:

> "The meaning and force to be given to electrically operated traffic control signals, in the absence of a statute or ordinance, 'is that meaning which a reasonably prudent operator of an automobile should and would understand and apply. *Coach Co. v. Fultz*, 246 N.C. 523. Traffic signals of the kind here described are in such general use that it is, we think, well known by motor vehicle operators that a red traffic light is a warning that the highway is closed in order to permit those using the intersecting highway safe passage through the intersection. Hence, prudence dictates that he should stop.'
> . . . ."

> "When a motorist approaches an electrically controlled signal at an intersection of streets or highways, he is under the legal duty to maintain a proper lookout and to keep his motor vehicle under reasonable control in order that he may stop before entering the intersection if the green light changes to yellow or red before he actually enters the intersection."

We hold that there is sufficient evidence here to allow the jury to find that defendant drove his automobile through a red traffic signal so as to endanger persons and property passing on the intersecting highway, or that he failed to keep a proper lookout for persons or vehicles traveling on the public highway, thus causing the collision and plaintiff's personal injuries and property damage. Plaintiff's allegations and evidence were sufficient to allow the court to submit the issue of negligence to the jury.

The remaining and decisive question is whether plaintiff's evidence established that she was guilty of contributory negligence as a matter of law.

Nonsuit on the ground of contributory negligence should be allowed only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes the defense that no other reasonable inference or conclusion can be drawn therefrom. *Waters v. Harris,* 250 N.C. 701, 110 S.E. 2d 283; *Hood v. Coach Co.,* 249 N.C. 534, 107 S.E. 2d 154. Further, nonsuit on the ground of contributory negligence should be denied if diverse inferences upon the question are permissible from plaintiff's proof. *Wooten v. Russell,* 255 N.C. 699, 122 S.E. 2d 603.

Defendant contends that when plaintiff left the A and W Drive-in and entered the intersection, she violated the provisions of G.S. 20-156(a), which provides: "The driver of a vehicle entering a public highway from a private road or drive shall yield the right-of-way to all vehicles approaching on such public highway."

G.S. 20-38(23) defines a private road or driveway to be: "Every road or driveway not open to the use of the public as a matter of right for the purpose of vehicular traffic."

The record is meager as to ownership, maintenance, use and other facts determinative of the public or private nature of the driveway leading from A and W Drive-in into the intersection. However, conceding, *arguendo,* that plaintiff entered the intersection from a private driveway, so that she had the duty to yield the right-of-way to all vehicles on U. S. Highway 25 at such time when her precaution would be effective, *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111, nevertheless, her duty to yield the right-of-way must be considered in light of her statement that when she drove into the intersection the traffic signals controlling southbound traffic were red.

In the case of *Currin v. Williams,* 248 N.C. 32, 102 S.E. 2d 455, the evidence tended to show that the plaintiff entered an intersection while the traffic control signal facing him was green, and that the front of his car struck the right side of defendant's car, which entered the intersection from plaintiff's left while the traffic control signal facing him was red. The Court, speaking through Bobbitt, J., stated:

"In *Wright v. Pegram, supra,* Higgins, J., states the rule as established by prior decisions as follows: '. . . a motorist facing a green light as he approaches and enters an intersection is under the continuing obligation to maintain a proper lookout, to keep his vehicle under reasonable control, and to operate it at such speed and in such manner as not to endanger or be

likely to endanger others upon the highway. (Citation). Nevertheless, in the absence of anything which gives or should give him notice to the contrary, a motorist has the right to assume and to act on the assumption that another motorist will observe the rules of the road and stop in obedience to a traffic signal.' *Cox v. Freight Lines, supra; Hyder v. Battery Company, Inc.,* 242 N.C. 553, 89 S.E. 2d 124; *Troxler v. Motor Lines, supra.*

"But the mere fact that plaintiff failed to look to observe traffic conditions on Western Avenue east of the intersection is insufficient to establish that plaintiff was contributorily negligent as a matter of law. Whether such failure to look was a proximate cause of the collision depended upon whether, if he had looked, what he would or should have seen was sufficient to put him on notice, at a time when plaintiff could by the exercise of due care have avoided the collision, that defendant would not stop in obedience to the red light. Defendant was chargeable with notice of what he would have seen had he exercised due care to keep a proper lookout. *Marshburn v. Patterson,* 241 N.C. 441, 85 S.E. 2d 683; *Smith v. Buie,* 243 N.C. 209, 90 S.E. 2d 514."

In the light of the evidence presented here, we cannot say that the only reasonable inference that can be drawn therefrom is that the plaintiff entered the intersection without ascertaining that it could be done in safety, or that the circumstances were such that the plaintiff should have been put on notice that defendant would not stop in obedience to the traffic signal, or that plaintiff failed to keep a proper lookout and act as a reasonably prudent person would under the circumstances.

Since the evidence permits diverse inferences, the issue of contributory negligence should have been submitted to the jury.

Reversed.