PEDRO N. OSORNIO v. BEATRICE S. OSORNIO

No. 7112DC442

(Filed 14 July 1971)

**Divorce and Alimony § 16— alimony without divorce — sufficiency of evidence**

> In the wife's action for alimony without divorce, there was sufficient evidence for submission to the jury on the question of whether the wife was maliciously turned out of doors.

APPEAL from *Herring, Judge,* 1 March 1971 Session of District Court of CUMBERLAND County.

Plaintiff instituted an action for absolute divorce and for custody of one of the three children born of the marriage. The defendant filed answer seeking custody of all three children, child support, alimony without divorce, and alimony *pendente lite.* After hearing, the court sustained plaintiff's motion for a directed verdict as to the action for alimony without divorce and entered judgment awarding custody of one child to plaintiff and custody of the other two children to defendant with a provision for child support to defendant and the payment by plaintiff of counsel fees for defendant. The court sustained the motion for directed verdict on the ground that there was "insufficient evidence from which the jury might find that either the plaintiff or the defendant had the intent, as of the beginning of the alleged separation as set forth in the complaint, to remain permanently separate and apart."

*Clark, Clark, Shaw and Clark, by John G. Shaw, for defendant appellant.*

*No counsel contra.*

MORRIS, Judge.

Defendant's evidence tends to show that: She had gone to California on 13 January 1969 to take her nephew home. When she got there she found her mother was sick, and there was no one to care for her, so defendant remained in California. She returned to North Carolina in late March—about a week before her wedding anniversary which was on 31 March—to see her husband and so they could be together on their anniversary. She went back to California in June. Immediately before return-

Osornio v. Osornio

ing to California, she was in Myrtle Beach, S. C., with her husband helping him in a restaurant business. They were staying in a man's apartment over the restaurant. She told her husband she wanted a separate room. He got angry and after they closed the restaurant, informed her that he had made reservations for her to go back to California. He did not ask whether she wanted to go. That night he took her from Myrtle Beach, S. C., to their home in Fayetteville, N. C., for the express purpose of allowing her to finish packing her bags to leave for California; he threatened her with bodily harm, to-wit, "to hit her," if she did not comply with his wishes; she was afraid not to do as she was told to do by the plaintiff. Plaintiff took her to the airport and bought her a one-way ticket to California and put her on the plane.

> "On appeal from the granting of a motion for directed verdict, we must determine the sufficiency of plaintiff's evidence guided by the same principles applicable in determining the sufficiency of evidence to withstand the former motion for nonsuit under G.S. 1-183." *Anderson v. Mann*, 9 N.C. App. 397, 399, 176 S.E. 2d 365 (1970).

> "Under the established rules all the evidence tending to support plaintiff's claim must be taken as true and considered in the light most favorable to him, giving him the benefit of every reasonable inference which legitimately may be drawn therefrom, with contradictions, conflicts, and inconsistencies therein being resolved in plaintiff's favor. *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47 (1969)." *Anderson v. Mann, supra.*

Applying these rules to the evidence here, we are of the opinion that there was sufficient evidence for submission to the jury on the question of whether defendant was in fact maliciously turned out of doors.

Error and remanded.

Judges BRITT and PARKER concur.