RONALD LEE HUDGENS, BY HIS NEXT FRIEND NELL HUDGENS v. KAY GOINS AND DELMAR GOINS

No. 7219DC215

(Filed 28 June 1972)

Automobiles § 58— turning — striking passing vehicle — negligence

In an action arising out of a collision which occurred when defendant made a left turn while plaintiff was attempting to pass her vehicle, defendant's evidence would support a finding that she was negligent in turning from a direct line without first seeing that the movement could be made in safety, but would not compel such a finding where it would also support a reasonable inference that when defendant was 100 feet from an intersection she looked and saw plaintiff's car one or two car lengths behind her, that she signaled her intention to turn as required by statutes, and that plaintiff pulled into the left lane and started to pass only after defendant started her turn and moved into the left lane, since it could not be said as a matter of law that under such circumstances defendant could or should have foreseen the movement of plaintiff's car before she began turning to the left. G.S. 20-154(a).

APPEAL by plaintiff from Walker, District Judge, 26 October 1971 Session of District Court held in CABARRUS County.

Negligence action instituted by plaintiff 2 May 1968 to recover $275.00 for damages to his 1967 Pontiac automobile. Plaintiff alleged that his car was damaged 7 October 1967 in a collision with a 1960 Volkswagen owned by defendant Delmar Goins and being operated by his wife, defendant Kay Goins. Defendants answered, denied negligence on their part, and counterclaimed for damages to the Volkswagen and personal injuries sustained by Mrs. Goins.

Planitiff's evidence consisted entirely of his own testimony. He stated that at about 8:40 or 8:50 p.m. on the date of the accident, he was driving south on South Ridge Avenue, an 18-foot wide, two-lane road near Kannapolis. Defendants'

Volkswagen was proceeding in the same direction in front of plaintiff. It was dark and the weather was overcast with misting rain. The lights on both cars were on. Plaintiff pulled in the left lane to pass the Volkswagen which was traveling very slowly. He stated: "I pulled out to pass the car, blew my horn, and, as I got into the other lane, the Volkswagen turned to the left in my lane. I slammed on my brakes and I hit the sanitary district pipeline which was crossing the road, which caused my brakes to lock and I slid into the car. . . . I was about one and a half car-lengths behind the Volkswagen when it began turning into my lane. I did not see a signal light. There was no hand signal given." The right front fender of plaintiff's car struck the left door of the Volkswagen. A depression about a yard wide and covered with dirt crossed the road where a sanitary pipeline had been laid. Dirt from the depression had been scattered by crossing cars, and according to plaintiff, the dirt caused his car to "slide." The speed limit was 35 miles an hour and plaintiff estimates his speed immediately before the collision as 30 to 35 miles an hour.

Mrs. Goins testified that plaintiff's car had pulled behind her from a road intersecting Ridge Avenue about one block north of the point of the collision. Mrs. Goins turned on her mechanical turn signal, indicating a left turn, when she was 100 feet from the intersection with Eddleman Road. She estimated that plaintiff's car was one or two car lengths behind her at that time. She stated: "As I started into my turn, then I noticed a flashing of lights from the car that was behind me and it seemed to appear to be it was coming around." She stated that at that time, "I was in the midst of my turn . . . I was crossing the lane on South Ridge Avenue, turning east, into Eddleman Road . . . then I was struck by the car, into my door. . . . " She further testified that she heard no sound and saw no blinking of lights prior to the accident.

Mr. Goins testified that the signal lights on the Volkswagen were working on the day of the accident.

The jury answered all issues in favor of defendants and awarded damages on their counterclaim.

*Hartsell, Hartsell & Mills by W. Erwin Spainhour for plaintiff appellant.*

*Watson and Dobbin by Richard B. Dobbin for defendant appellees.*

---

Hudgens v. Goins

---

GRAHAM, Judge.

Plaintiff's only contention on appeal is that the court erred in denying his motion for a directed verdict on the issue of defendants' negligence. Thus the question becomes: Does defendants' evidence, taken in the light most favorable to them, so clearly establish their negligence as a proximate cause of their injury and damage that no other reasonable conclusion can be drawn therefrom? *Galloway v. Hartman*, 271 N.C. 372, 156 S.E. 2d 727; *Bledsoe v. Gaddy*, 10 N.C. App. 470, 179 S.E. 2d 167.

Defendants' evidence would certainly support a finding by the jury that Mrs. Goins turned from a direct line without first seeing that the movement could be made in safety. G.S. 20-154(a). It would not, however, compel such a finding. A reasonable inference could also be drawn that when Mrs. Goins was 100 feet from the intersection she looked and saw plaintiff's car one or two car lengths behind her; that she signaled her intention to turn as required by statutes; and that plaintiff pulled into the left lane and started to pass only after Mrs. Goins started her turn and moved into the left lane. Under such circumstances, it could not be said, as a matter of law, that in the exercise of reasonable care Mrs. Goins could or should have foreseen the movement of plaintiff's car before she started turning to the left. "A motorist is not required to ascertain that a turning motion is absolutely free from danger." *Cowan v. Transfer Co.* and *Carr v. Transfer Co.*, 262 N.C. 550, 553, 138 S.E. 2d 228, 230. See also *McNamara v. Outlaw*, 262 N.C. 612, 138 S.E. 2d 287; *Odell v. Lipscomb*, 12 N.C. App. 318, 183 S.E. 2d 299.

We hold that the question of defendants' negligence was for the jury.

No error.

Judges MORRIS and VAUGHN concur.