CALVIN CARLYLE CARR v. OLIVER WAYNE SCOTT AND SCOTT AND JONES, INC.

No. 764SC972

(Filed 21 September 1977)

**Automobiles § 77.1— passing vehicle traveling in same direction— contributory negligence as a matter of law**
    In an action to recover damages sustained in a motor vehicle accident, the trial court properly granted defendants' motion for directed verdict where the

evidence showed that plaintiff was contributorily negligent as a matter of law in that, although he saw defendants' truck straddling the center line and saw protruding angle irons which created a dangerous condition, he still attempted to pass the truck, even though he had to drive on the median to do so.

APPEAL by plaintiff from *Bailey, Judge*. Judgment entered 18 September 1976 in Superior Court, DUPLIN County. Heard in the Court of Appeals 24 August 1977.

In this action plaintiff seeks damages from defendants for alleged injury to person and damage to property arising out of a motor vehicle accident allegedly caused by the negligence of the individual defendant who was driving a truck belonging to the corporate defendant.

In his complaint plaintiff alleged facts substantially as set forth in his evidence hereinafter summarized. He alleged that defendant driver was negligent in that he failed to keep a proper lookout for other vehicles using the highway, that he failed to attach a red flag or other warning device on the iron rods being transported, that he unlawfully straddled the center line, that he failed to give proper signals, and that he operated his vehicle in a careless and reckless manner without due regard for other persons.

Defendants filed answer denying any negligence on their part and alleging that the acts of defendant driver were not the proximate cause of the accident. They further alleged that plaintiff was contributorily negligent in that he failed to maintain a proper lookout, failed to keep his vehicle under control, drove at an excessive speed, failed to reduce his speed while overtaking defendants' vehicle, and failed to use due care in passing defendants' vehicle.

Plaintiff presented evidence in the form of his testimony tending to show: On 27 February 1974 he was driving his two-axle truck "loaded to capacity with salad greens" in a northerly direction on four-lane Highway 117. Defendant driver drove the corporate defendant's two-axle truck onto Highway 117 and proceeded ahead of plaintiff in a northerly direction. Loaded on defendants' truck were four pieces of angle iron protruding 12 to 15 feet from the back of the truck body. Plaintiff was traveling about 40 m.p.h., defendant driver was traveling about 15 m.p.h., and both were in the right-hand lane. Plaintiff gave a turn signal with the intention of getting in the left lane and passing defendants' truck; he pulled into the left lane when he was about 150 or 175 feet behind defendants' truck. At that time, without any turn signal having been given, defendants'

truck suddenly veered to the left and began straddling the center line. Plaintiff did not know what defendant driver was going to do but continued to gain on defendants' truck "until I got so near those angle irons until I dared not go any further". Plaintiff then decided to pass defendants' truck on the left even though the truck was still straddling the center line. At that time plaintiff was traveling 20 or 25 m.p.h. and was going a little faster than defendant driver. Thereupon, as plaintiff got within four or five feet of the angle irons, defendant driver suddenly turned to the right. The sudden right turn caused the angle irons to swing into the left lane and plaintiff had to drive onto the median on his left in order to avoid hitting the angle irons. The median was graded and plaintiff's truck overturned, causing the injuries and damage complained of. Defendants did not have a red flag on the end of the angle irons and plaintiff did not remember sounding his horn as he attempted to pass defendants' truck.

At the close of plaintiff's evidence, defendants' motion for a directed verdict was granted. Plaintiff appealed.

*White, Allen, Hooten and Hines, P.A., by Thomas J. White III, for defendant appellees.*

*Graham A. Phillips, Jr., for plaintiff appellant.*

BRITT, Judge.

Plaintiff assigns as error the trial court's allowance of defendants' motion for a directed verdict. We think the motion was properly allowed on the ground of plaintiff's contributory negligence as a matter of law.

In *Bledsoe v. Gaddy*, 10 N.C. App. 470, 472, 179 S.E. 2d 167, 169 (1971), the test for determining whether a directed verdict should be allowed on the basis of contributory negligence is stated:

> "A directed verdict on the ground of contributory negligence will be allowed only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes contributory negligence that no other reasonable inference or conclusion can be drawn therefrom. *Galloway v. Hartman*, 271 N.C. 372, 156 S.E. 2d 727 (1967); *Anderson v. Mann*, 9 N.C. App. 397, 176 S.E. 2d 365 (1970)."

> "Before attempting to pass another vehicle traveling in the same direction on the highway in front of him, a driver must exercise due care to see that he can pass in safety . . . . " 2 Strong's N.C.

Wiles v. Construction Co.

Index 3d, Automobiles § 16.3, p. 83. "A party may not recover for injuries resulting from a hazard which he helps to create. He is contributorily negligent if he knows of a dangerous condition and voluntarily goes into the place of the danger." 6 Strong's N.C. Index 2d, Negligence § 13, p. 35.

In the case at hand we think plaintiff failed to exercise due care in the operation of his truck before and during his passing maneuver, and that his conduct was a proximate cause of the accident. Plaintiff's testimony tended to show that although he saw that defendants' truck was straddling the center line, and that the protruding angle irons created a dangerous condition, he was determined to pass the truck even if he had to drive on the median to do so.

In *Dreher v. Divine*, 192 N.C. 325, 327, 135 S.E. 29, 30 (1926), in an opinion by Stacy, C.J., we find:

"One who operates an automobile should have it under control and if the driver of a front car has no knowledge of an approaching vehicle from the rear, and apparently does not hear its approach, the driver of the rear or trailing vehicle should reduce his speed and stop, if necessary, to avoid a collision or an injury. He cannot proceed regardless of the fact that the driver of the front vehicle does not turn to the right of the road, unless there be ample room to pass in safety without it."

For the reasons stated, the judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.