HARVEY FRANKLIN ODELL v. FLONEY LIPSCOMB, JR., AND JONES
MOTOR COMPANY, INC.

No. 7118SC545

(Filed 15 September 1971)

1. Rules of Civil Procedure § 50— directed verdict entered by trial judge
on his own motion

    The trial judge on his own motion may enter a directed verdict
within ten days after the jury is discharged for failing to reach a
verdict. G.S. 1A-1, Rule 50(b)(1).

2. Rules of Civil Procedure § 50— motion for directed verdict — question
presented

    The motion for a directed verdict presents a question of law for
the court, namely, whether the evidence was sufficient to entitle the
plaintiff to have the jury pass on it. G.S. 1A-1, Rule 50(a).

3. Rules of Civil Procedure § 50— motion for directed verdict — failure
of jury to reach verdict

    In ruling upon the motion for a directed verdict, the court should
give no consideration to the fact that the jury may have failed to reach
a verdict, but should consider only the evidence in the case.

4. Rules of Civil Procedure § 50— directed verdict — consideration of evi-
dence

    In ruling on defendant's motion for directed verdict, the evidence
is considered in the light most favorable to the plaintiff, with all con-
flicts resolved in plaintiff's favor.

5. Automobiles § 58— accident involving turning automobile — directed
verdict — conflict in the evidence

    The trial court in an automobile accident case erred in entering
a directed verdict in the defendant's favor, where plaintiff's and de-
fendant's evidence conflicted as to whether plaintiff's vehicle was in
the outside or inside lane of travel before plaintiff began a left turn
in front of defendant's following vehicle, and where there was some
evidence that defendant was exceeding the posted speed limit.

6. Automobiles § 80— accident involving turning automobile — contribu-
tory negligence

    Plaintiff's testimony on cross-examination that he did not see
the defendant's following vehicle before he attempted a left turn does
not establish plaintiff's contributory negligence as a matter of law in
failing to see that the turn could be made in safety, since the plaintiff
also testified that, as he was going into the turn, he looked into his
mirror and saw the defendant.

7. Rules of Civil Procedure § 50— directed verdict — discrepancies in the
evidence

    In ruling on a motion for a directed verdict, the court must resolve
any discrepancies in the evidence in favor of the party against whom
the motion is made.

APPEAL by plaintiff from *McConnell, Judge,* 22 March 1971 Civil Session of Superior Court held in GUILFORD County.

Civil action for damages arising from a collision between two tractor-trailers. The collision occurred on the afternoon of 25 November 1968 on U.S. Highway 29 at its intersection with Rural Paved Road 1144 in Guilford County, N. C. At that point U.S. Highway 29 is a four-lane paved highway with two lanes for northbound traffic and two lanes for southbound traffic, the northbound lanes being separated from the southbound lanes by a 30-foot wide grass median. R.P.R. 1144 is a paved road which intersects Highway 29 at a right angle and crosses over the median on a paved crossover. Both vehicles were traveling northward on Highway 29. Plaintiff was driver of the front vehicle. The individual defendant, Lipscomb, was owner and driver of the following vehicle, and was an employee of the corporate defendant, to which he leased his vehicle. The collision occurred as plaintiff was turning left from Highway 29 into the crossover of R.P.R. 1144.

Plaintiff contended the defendant driver was negligent in operating at a speed greater than reasonable and prudent under the circumstances, in failing to maintain a proper lookout and to keep his vehicle under proper control, in following too closely, and in other respects. Defendants denied negligence on the part of defendant driver and alleged that plaintiff was contributorily negligent in that he cut from the outside northbound lane across the inside northbound lane in front of defendant's tractor-trailer unit which was in the process of passing, that he turned his vehicle to the left from a direct line without first seeing that the movement could be made in safety in violation of G.S. 20-154, and in other respects. The individual defendant also filed a counterclaim against plaintiff to recover for damages to his vehicle.

At the close of plaintiff's evidence and at the close of all of the evidence, defendants moved for a directed verdict in their favor as to plaintiff's action against them on the grounds that there was insufficient evidence of actionable negligence on the part of defendants and on the grounds that the evidence established plaintiff's contributory negligence as a matter of law. At the close of all evidence plaintiff also moved for a directed verdict as to the counterclaim on the grounds that there was insufficient evidence as to actionable negligence on the part of

plaintiff and that the evidence established that defendant driver was contributorily negligent as a matter of law. All motions were overruled and the case was submitted to the jury on issues as to: (1) Actionable negligence of defendant driver; (2) contributory negligence of plaintiff; (3) damages for plaintiff; (4) actionable negligence of plaintiff as alleged in the counterclaim; and (5) damages for defendant driver. The jury failed to return a verdict and was discharged. Within ten days thereafter the court, on its own motion, entered an order reciting that "having further considered the motions of the parties, the evidence, the law involved in the case, and the failure of the jury to reach a verdict, and being of the opinion that the motions of the defendants and the plaintiff should have been granted and being of the opinion that the same should be granted at this time; Now, therefore, it is ordered that the defendants' motion for directed verdict against the plaintiff's action, and the plaintiff's motion for a directed verdict against the defendant Lipscomb's counterclaim, both of which motions were made at the conclusion of the evidence, be and the same are hereby granted." The court accordingly ordered plaintiff's action and defendant Lipscomb's counterclaim dismissed.

Plaintiff excepted to and appealed from so much of the order as allowed defendants' motion and dismissed plaintiff's action. Defendant Lipscomb did not appeal.

*Jordan, Wright, Nichols, Caffrey & Hill, by Karl N. Hill, Jr., and Younce, Wall & Suggs, by Adam Younce and Wade C. Euliss for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter; and Richmond G. Bernhardt, Jr., for defendant appellees.*

PARKER, Judge.

[1] The court discharged the jury when it failed to reach a verdict. Within ten days thereafter the trial judge on his own motion directed a verdict. This procedure was authorized by Rule 50(b)(1) of the Rules of Civil Procedure, which contains the following:

"Not later than ten (10) days after entry of judgment or the discharge of the jury if a verdict was not returned, the judge on his own motion may, with or without further notice and hearing, grant, deny, or redeny a motion for

Odell v. Lipscomb

directed verdict made at the close of all the evidence that was denied or for any reason was not granted."

While the action of the trial judge in directing a verdict was procedurally permissible, the question remains whether it was proper in this case.

[2-4]   The motion for a directed verdict under Rule 50(a) presents a question of law for the court, namely, whether the evidence was sufficient to entitle the plaintiff to have the jury pass on it. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396. In deciding this question, the court should give no consideration to the fact that the jury may have failed to reach a verdict, but should consider only the evidence in the case. In so doing, the court should consider all of the evidence in the light most favorable to the plaintiff, and may grant the motion only if the evidence when so considered is insufficient, as a matter of law, to justify a verdict for the plaintiff. *Kelly v. Harvester Co., supra.*

[5]   In the present case there was a direct conflict in the evidence as to the location of plaintiff's vehicle on Highway 29 immediately before it started its turn. Defendants' evidence would show that plaintiff was driving in a northerly direction on Highway 29 in the outside, or right-hand, lane of travel for northbound traffic, and that he turned suddenly to his left and across the inside northbound lane directly in front of defendants' tractor-trailer. On the contrary, plaintiff's evidence would show that he was driving in the inside, or left-hand, northbound lane; that in apt time he turned on his left-hand turn signal and slowed to make a left turn into the crossover; and that as he was turning into the crossover, defendants' following vehicle struck him. While the physical evidence would tend to support defendants' version of what occurred, when all conflicts are resolved in plaintiff's favor and when the evidence is considered in the light most favorable to the plaintiff, as we are required to do when passing upon a ruling on a defendant's motion for a directed verdict, we are of the opinion that the evidence in this case was sufficient to entitle the plaintiff to have the jury pass on it.

There was some evidence that defendant driver was exceeding the posted speed limit. Furthermore, while the circumstances of each particular case govern the relative duties which

vehicle drivers owe one another when they are traveling along a highway in the same direction, "[o]rdinarily the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout." *Clark v. Scheld,* 253 N.C. 732, 737, 117 S.E. 2d 838, 842. In our opinion the evidence in the present case was sufficient to support a jury verdict finding actionable neglicence on the part of the defendant driver.

[6] We do not agree with defendants' contention that the directed verdict in their favor in plaintiff's action against them was required on the grounds that plaintiff's own evidence established his contributory negligence as a matter of law. In support of their contention, defendants point to plaintiff's testimony, given on cross-examination, that: "I did not actually see Mr. Lipscomb's truck before the accident occurred," and "[b]efore I started making a turn to the left the last time I recall looking in the mirror was somewhere around coming through the bridge, coming through the Deep River Bridge, and that was 3 to 4 or 500 feet roughly, I would say." (The investigating highway patrolman had previously testified that the intersection where the collision occurred was approximately 350 feet from the north end of the bridge.) Defendants contend this testimony of the plaintiff established that he was negligent in turning his vehicle from a direct line of traffic without first seeing that the movement could be made in safety in violation of G.S. 20-154, citing *Tallent v. Talbert,* 249 N.C. 149, 105 S.E. 2d 426, and *Lowe v. Futrell,* 271 N.C. 550, 157 S.E. 2d 92. However, plaintiff also testified: "I was looking into my mirror as I was going into my left turn and that is when I spotted Mr. Lipscomb. I had looked into the mirror before I came to the bridge, at the time when I was coming through the bridge, and, of course, I was looking in it when I went into the turn. I was looking in it when I was going into my turn. My tractor was 3 to 4 feet off of Highway 29 and into the crossover, that was when I spotted Mr. Lipscomb."

[7] In ruling on a motion for directed verdict the court must resolve any discrepancies in the evidence in favor of the party against whom the motion is made and must give that party the benefit of every legitimate inference which may be reasonably drawn from the evidence. When this is done in the pres-

ent case, while the evidence would support a finding that plaintiff was negligent in turning his vehicle without first seeing that the movement could be made in safety, in our opinion it does not compel that conclusion as a matter of law. The decisions cited by defendants are factually distinguishable. Plaintiff's case was for the jury, and the judgment appealed from, insofar as it directs a verdict in defendants' favor, is

Reversed.

Judges BRITT and MORRIS concur.