BOYD J. BIDDIX AND MARY I. BIDDIX v. KELLAR CONSTRUCTION CORPORATION AND JERRY KELLAR

No. 7627SC582

(Filed 5 January 1977)

1. **Rules of Civil Procedure §§ 12, 56— judgment on pleadings — summary judgment**

    A judgment was not a judgment on the pleadings and must be considered as a summary judgment where the court considered matters outside the pleadings. G.S. 1A-1, Rules 12(c) and 56.

2. **Courts § 9; Rules of Civil Procedure § 56— denial of summary judgment — subsequent allowance by another judge**

    In a breach of contract action in which defendant pled a release as a plea in bar, a superior court judge erred in entering summary judgment for defendants based on the pleadings and affidavits where another superior court judge had previously denied motions of both parties for summary judgment, since ordinarily one superior court judge may not modify, overrule or change the judgment of another superior court judge in the same action.

APPEAL by plaintiffs from *Kirby, Judge.* Judgment entered 8 June 1976 in Superior Court, GASTON County. Heard in the Court of Appeals 7 December 1976.

This is an action for breach of contract, allegations of the complaint being summarized in pertinent part as follows:

On 31 January 1972 plaintiffs and the corporate defendant entered into a written contract whereby said defendant agreed to construct on certain lands belonging to plaintiffs a dwelling house according to plans and specifications prepared by defendants. Under the agreement plaintiffs agreed to pay defendants $23,600, said amount to be provided by a loan guaranteed by the Veterans Administration which defendants would help obtain.

On 31 January 1972, in a written supplement to said contract, defendants agreed that they would begin construction of said house within 60 days from the date plaintiffs' loan was approved by the Veterans Administration and that the house would be completed within six months from the date of said agreement.

On 12 April 1972 the Veterans Administration issued a commitment for a said loan, the loan to be payable over a period of thirty years at an interest rate of 7 percent per annum on a direct reduction basis.

Defendants did not complete the construction of said house until December 1973. On 12 November 1973 the allowable interest rates for Veterans Administration loans was increased from 7 percent to 8.50 percent per annum. By reason of defendants' breach of contract, the amount of interest plaintiffs will be required to pay will be $8,802 more than they would have been required to pay if the house had been completed within the time agreed and plaintiffs had obtained the 7 percent interest rate.

Plaintiffs asked for judgment in the sum of $8,802 plus interest from the date of judgment. They also demanded trial by jury.

Defendants filed answer admitting the execution of the original agreement on 31 January 1972 but denying all other material allegations of the complaint. As a third defense defendants alleged that on or about 7 February 1974 plaintiffs executed a release which completely discharged defendants from all further liability in connection with the construction of said house. The text of the release was set forth as an exhibit to, and by reference made a part of, the answer.

In a reply to defendants' further defense pleading the release, plaintiffs alleged that the purported release was never legally executed for the reason that the signatures of plaintiffs were procured by fraud, coercion and overreaching by the individual defendant; that their execution of the document was without consideration; and that the document did not even purport to release the corporate defendant from liability.

On 24 July 1974 defendants, pursuant to G.S. 1A-1, Rule 56, moved for summary judgment for the reason that the pleadings show that there is no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law.

On 28 August 1974 plaintiffs moved for summary judgment pursuant to Rule 56 and supported their motion with affidavits of plaintiffs and other documents including their version of the purported release. On 2 April 1975 the affidavit of the individual defendant was filed and this affidavit included by reference the answer filed by defendants including their version of the purported release.

On 4 April 1975 Judge Winner, following a hearing on the motions for summary judgment, entered an order denying both motions. Plaintiffs excepted to the part of the order denying

their motion and defendants excepted to the part denying their motion.

The cause came on for hearing at the 23 June 1975 Civil Session before Judge Kirby on the "plea in bar" raised by the third defense in defendants' answer. The parties stipulated that the court "could render decision in term or out of term and in the district or out of the district."

On 8 June 1976 Judge Kirby entered a judgment which included the following findings of fact and conclusions of law:

"2. That the plaintiffs and the defendant, Kellar Construction Corporation entered into a contract to build a certain house upon certain property owned by the plaintiffs which contract was fulfilled by and on behalf of the defendant corporation.

"3. That pursuant to the construction of the aforesaid house, the plaintiffs herein secured a construction loan with Citizens National Bank in Gastonia, North Carolina and permanent loan financing with Aiken-Speir, Inc. and guaranteed by the Veterans Administration of the United States.

"4. That prior to the closing of the permanent loan, the defendant corporation requested the plaintiffs herein to sign a general release releasing each and everyone of the parties defendant from any and all obligations or demands growing out of the building construction and any other matter or thing whatsoever arising between them.

"5. That on or about February 7, 1974 the plaintiffs appeared with their counsel, Basil L. Whitener, at the law offices of W. N. Puett from (sic) Gastonia, North Carolina at which the loan papers were executed. Pursuant to the aforesaid loan closing agreement the defendants tendered to the plaintiffs a certain release agreement for their signature as part and parcel of the loan closing and advised each of the plaintiffs together with their attorney of the contents therein.

"6. That each of the plaintiffs together with their attorney indicated that they understood and recognized the contents of the aforesaid release and the same was being executed without any duress, express or implied, and was

the free and voluntary act and will of each of the plaintiffs and that the aforesaid release had been pleaded in bar by the defendants herein as a bar to the plaintiffs' cause of action bars the plaintiffs in this cause.

"7. That the aforesaid release was understood by each of the plaintiffs and was further explained to them by their attorney and was signed by each of them with the advice and consent of their attorney.

"8. That no undue pressure was brought by or on behalf of the defendants or either of them upon the plaintiffs, either express or implied, and that the aforesaid release was the free voluntary act and will of each of the plaintiffs.

"9. That adequate consideration for the release passed by and between the plaintiffs and defendants and that the release in all respects bars the plaintiffs' cause."

The court adjudged "[t]hat the plaintiff have and recover nothing by reason of their complaint and that the release executed by them was their free and voluntary acts and wills and is an absolute bar to any recoveries that they seek growing out of any transaction between the plaintiffs and the defendants herein."

Plaintiffs excepted to and appealed from Judge Kirby's judgment.

*Basil L. Whitener and Anne M. Lamm for plaintiff appellants.*

*Jeffrey M. Guller for defendant appellees.*

BRITT, Judge.

To clarify the record as to what was submitted to Judge Kirby for determination, the parties have filed a stipulation in this court stating that the judgment appealed from "is based on the plea in bar raised by the third defense in defendants' answer." Thus, it is now clear that jury trial was not waived by plaintiffs and that Judge Kirby did not make a determination of the cause on the merits.

That being true, we must determine procedurally the effect of this "plea in bar" under the new Rules of Civil Procedure.

G.S. 1A-1, Rule 7(c) provides that: "Demurrers, pleas, etc., abolished. Demurrers, pleas, and exceptions for insufficiency shall not be used." As stated in 2A Moore's Federal Practice § 7.06 (2d ed. 1975):

> "Demurrers and common law pleas cannot be used to raise the legal insufficiency of a pleading. The method of attacking the sufficiency of a pleading or presenting other defenses or objections is prescribed in Rule 12, and discussed thereunder. . . . The defense or objection should be treated for what it would be worth if it had been accurately denominated as a motion for certain relief. . . . "

Under Rule 8, a release is an affirmative defense that must be set forth by a party wishing to rely on it. In their answer, defendants pled the release as a "plea in bar" to plaintiffs' action.

[1] On its face, the judgment appealed from appears to be a judgment on the pleadings under G.S. 1A-1, Rule 12(c). However, that rule states that:

> " . . . If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . . "

The "findings of fact" entered by Judge Kirby could not have been based solely on the pleadings since the "facts found" are not fully substantiated by the pleadings. For example, finding of fact number 6 is almost an exact quote from the individual defendant's affidavit. Since the trial judge considered matters outside the pleadings, his action must be treated as summary judgment pursuant to Rule 56.

[2] It was improper for Judge Kirby to treat either motion as one for summary judgment because it is well established in North Carolina that no appeal lies from one superior court judge to another, and ordinarily one superior court judge may not modify, overrule, or change the judgment of another superior court judge made in the same action. 2 Strong, N. C. Index 2d, Courts § 9; *Calloway v. Motor Co.*, 281 N.C. 496, 189 S.E. 2d 484 (1972); *State v. Neas*, 278 N.C. 506, 180 S.E. 2d 12 (1971). Judge Winner had previously denied both parties' motions for summary judgment. Therefore, Judge Kirby erred when he entered judgment for defendants based on the pleadings and affi-

davits introduced since this was a reversal of Judge Winner's previous denial of summary judgment. Furthermore, some of the "facts" found by Judge Kirby were controverted.

It appears that all parties would like to have a determination by this court as to whether the alleged release, as a matter of law, bars plaintiffs' action. Among the reasons why we do not attempt to reach this question is that plaintiffs' version of the alleged release materially differs from defendants' version. The document that is made a part of defendants' answer states that it is made by "Jerry L. Kellar, doing business as Kellar Construction Company," and at no place mentions the corporate defendant. On the other hand, the document made a part of the affidavits of plaintiffs states that it was made by "Jerry L. Kellar, President of Kellar Construction Corp."; at no place is Jerry Kellar, individually, referred to. Thus, there could be a question of fact as to which of the defendants, if either, is entitled to any protection the release might afford.

For the reasons stated, the judgment appealed from is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

Judges VAUGHN and MARTIN concur.