JERRY S. FURR AND WIFE, PATRICIA D. FURR v. BETTY K. CARMICHAEL AND ANNIE·CARMICHAEL

No. 8521DC991

(Filed 2 September 1986)

1. **Courts § 9.4— motion for summary judgment—previously heard by another judge—consideration improper**

   The trial court erred by granting a partial summary judgment for plaintiffs on the issue of fraud where the issues before the court were the same as the issues previously heard by another judge who had ruled that there were triable issues of material fact and no new evidence was filed or presented by either party.

2. **Vendor and Purchaser § 2— real estate sales contract—failure to close in reasonable time—directed verdict improper**

   The trial court erred by directing a verdict for plaintiffs in an action for the specific performance of a real estate contract where plaintiffs and defendant entered into a real estate sales contract on 25 August; the written contract did not recite a closing date and did not indicate in any way that time was of the essence; defendant asked to be able to collect the September rent payment from the tenant living in the house and did so; defendant testified that she attempted to close on the property at least ten times in September; defendant wrote to plaintiff on 13 October indicating that she was no longer willing to go through with the sale and refunding the earnest money; and defendant sold the property to Annie Carmichael. The court could not say under the facts of this case that 49 days was a reasonable time as a matter of law within which to close on the property.

APPEAL by plaintiffs and defendant Betty K. Carmichael from *Gatto, Judge.* Judgment entered 29 May 1985 in District Court, FORSYTH County. Heard in the Court of Appeals 5 February 1986.

This is a civil action seeking specific performance of a real estate sales contract, executed on 25 August 1983, wherein the defendant Betty K. Carmichael contracted to sell to plaintiffs a house and lot located at 3920 Waddill Street in Winston-Salem, North Carolina. The Complaint, filed 1 November 1983, alleged that after the execution of the contract, and while the plaintiffs were ready, willing and able to perform, defendant Betty K. Carmichael willfully refused to accept the purchase price tendered by plaintiffs and fraudulently and without valuable consideration conveyed the subject property to the defendant, Annie Carmichael. Plaintiffs further alleged that defendants conspired to defraud the

plaintiffs of their contractual rights. Plaintiffs prayed the court to enter an order of specific performance and to set aside the conveyance of the subject property from Betty K. Carmichael.

In their answer and counterclaim filed 29 November 1983, defendants denied the existence of a valid and binding contract between the defendant, Betty K. Carmichael, and plaintiffs and pled nonfulfillment of the Statute of Frauds as a bar to recovery. In the "Third Defense," defendant Betty K. Carmichael alleged that the contract had no provision for a closing date; the parties had orally agreed for the closing to be immediately, and because plaintiffs failed to close on the property on numerous dates in September 1983, plaintiffs breached the contract, thereby justifying rescission of the contract by her on 10 October 1983 and entitling her to money damages. In the "Fourth Defense," both defendants alleged that on 1 November 1983, after plaintiffs knew or should have known there was no contract for sale of the aforesaid property, plaintiffs intentionally and maliciously filed against the property a "Notice of Lis Pendens." Defendants sought both actual and punitive damages for this slander of title and breach of contract. Plaintiffs filed a response 9 December 1983, denying an oral agreement to close "immediately."

On 13 March 1984, plaintiffs filed a summary judgment motion seeking summary judgment in their favor on their claim and defendants' counterclaim. Chief Judge Abner Alexander found "that there are tryable [sic] issues of fact as to the Plaintiff's claim against the Defendant and the Plaintiff's Motion for Summary Judgment on that claim is denied [and] with regard to the Defendant's counterclaim against the Plaintiff, that there are no material issues of fact and the Plaintiff is entitled to judgment on the counterclaim as a matter of law."

On 21 August 1984, defendants filed a motion for total summary judgment, asserting that the contract was too indefinite to be specifically enforced, or in the alternative, a motion for partial summary judgment on the issue of fraud. By Order, entered 17 September 1984, Judge James A. Harrill, Jr., denied the motion for total summary judgment, but found that "defendants are entitled to a partial summary judgment as a matter of law on the issue of fraud and that plaintiffs' claim for fraud and same is hereby dismissed."

The case was tried before a judge and jury. At the close of plaintiffs' evidence and again at the close of all the evidence, plaintiffs moved for a directed verdict. At the close of all the evidence, Judge Joseph Gatto granted plaintiffs' motion and entered a judgment which read in part as follows:

> [T]he Court being of the opinion that the motion should be partially granted as to specific performance of the real estate contract by the Defendant, Betty K. Carmichael; the Court is further of the opinion that the motion cannot be granted with regard to the voiding of the conveyance from Betty K. Carmichael to Annie Carmichael because of an Order granting partial summary judgment entered herein by The Honorable James A. Harrill, Jr., on or about September 9, 1984.

Judge Gatto ordered defendant Betty K. Carmichael, upon payment of the purchase price, to convey to plaintiffs any interest she has or may have in the subject property and denied plaintiffs' motion asking that the conveyance from Betty K. Carmichael to Annie Carmichael be declared void for the reason previously stated. Plaintiffs and defendant Betty K. Carmichael appealed.

*Peebles and Schramm by John J. Schramm, Jr., for plaintiffs-appellants.*

*Hutchins, Tyndall, Doughton and Moore by Laurie H. Woltz for defendants-appellees.*

PARKER, Judge.

## I. PLAINTIFFS' APPEAL

[1] Plaintiffs first argue that the trial court erred in entering the 17 September 1984 Order granting defendants' partial summary judgment on the issue of fraud and dismissing plaintiffs' claim for fraud. Plaintiffs contend, and we agree, that the issues before the court on defendants' motion for summary judgment were the same issues that were before the court on plaintiffs' motion heard by Judge Alexander and that his finding that there were triable issues of material fact precluded entry of partial summary judgment for defendants on their later motion.

The general rule was stated by this Court in *American Travel Corp. v. Central Carolina Bank*, 57 N.C. App. 437, 440, 291

S.E. 2d 892, 894, *cert. denied*, 306 N.C. 555, 294 S.E. 2d 369 (1983) as follows:

> Under the authority of *Carr v. Carbon Corp.*, 49 N.C. App. 631, 272 S.E. 2d 374 (1980), *disc. rev. denied*, 302 N.C. 217 (1981), a motion for summary judgment denied by one superior court judge may not be allowed by another superior court judge on identical legal issues. *See also Biddix v. Construction Corp.*, 32 N.C. App. 120, 230 S.E. 2d 796 (1977). This rule is based on the premise that no appeal lies from one superior court judge to another. Moreover, as pointed out in *Carr*, to allow an unending series of motions for summary judgment "would defeat the very purpose of summary judgment procedure, to determine in an expeditious manner whether a genuine issue of material fact exists and whether the movant is entitled to judgment on the issue presented as a matter of law." 49 N.C. App. at 634, 272 S.E. 2d at 377.

Generally, motions for summary judgment should not be heard until all parties are prepared to present their contentions on all issues. *Id.* at 441, 291 S.E. 2d at 895. In the instant case, defendants did not move for summary judgment or ask for a continuance when plaintiffs' motion was heard. On the record before this Court, no new affidavit or evidence based on discovery was filed or presented by either party at the hearing on defendants' motion for summary judgment that was not before the trial court at the hearing on plaintiffs' motion for summary judgment. Therefore, when Judge Harrill considered defendants' motion for summary judgment, he was in effect reviewing what Judge Alexander had considered earlier, to wit: whether a triable issue of material fact existed as to plaintiffs' claim for specific performance arising out of breach of contract and fraudulent conveyance. Judge Alexander ruled that there were triable issues of fact as to these claims; he did not rule that there were no issues of fact, but that plaintiffs were barred as a matter of law. By entering partial summary judgment on the issue of fraud, Judge Harrill overruled Judge Alexander's earlier order finding triable questions of fact on that issue. Judge Harrill erred in granting partial summary judgment for defendants on the issue of fraud, and the 17 September 1984 order is vacated.

Because of our disposition of defendant Carmichael's appeal, we do not address plaintiffs' other assignment of error.

## II.   DEFENDANT BETTY K. CARMICHAEL'S APPEAL

[2]   In her first assignment of error, defendant contends the trial court erred in directing a verdict in favor of plaintiffs. We agree.

The following facts are undisputed. On 25 August 1983, the plaintiffs and this defendant entered into a real estate sales contract. The written contract does not recite a closing date and does not indicate in any way that time is of the essence with regard to closing. This defendant asked to be allowed to collect the September rent payment from the tenant living in the house and did collect this payment. This defendant wrote a letter to Mr. Furr on 13 October 1983 indicating that she was no longer willing to go through with the sale and refunding his earnest money deposit. This defendant sold and conveyed the property which was the subject of the real estate contract to the defendant Annie Carmichael. Defendant contends it was improper to remove the case from the jury because there was a triable issue as to reasonable time of performance. Defendant's position is that the jury should have decided whether the 49-day interval between 25 August 1983 and 13 October 1983 was a reasonable time to perform.

Where an option or contract to purchase does not specify the time within which the right to buy may be exercised, the right must be exercised within a reasonable time. *Lewis v. Allred*, 249 N.C. 486, 106 S.E. 2d 689 (1959). Though the determination of reasonable time is generally a mixed question of law and fact and thus for the jury, it becomes a question of law when the facts are simple and admitted and only one inference can be drawn. *Yancey v. Watkins*, 17 N.C. App. 515, 195 S.E. 2d 89, *cert. denied*, 283 N.C. 394, 196 S.E. 2d 277 (1973). Time is ordinarily not of the essence of a contract of sale and purchase. *Douglass v. Brooks*, 242 N.C. 178, 87 S.E. 2d 258 (1955). By directing a verdict in plaintiffs' favor, the trial court ruled that forty-nine (49) days was not an unreasonable time, as a matter of law, to close on the property.

In *Cadillac-Pontiac Co. v. Norburn*, 230 N.C. 23, 51 S.E. 2d 916 (1949), the parties entered into a contract to buy and sell land. The contract provided: "It is agreed that settlement under this

contract shall be completed on or before November 20, A.D. 1945." The court held that time was not of the essence of this agreement because "[t]he agreement itself is not worded to avoid the contract altogether or expressly vitiate it, if settlement is not made at that time." *Id.* at 29, 51 S.E. 2d at 920. Similarly, in *Walker v. Weaver*, 23 N.C. App. 654, 209 S.E. 2d 537 (1974), this Court held that time was not of the essence in a contract to purchase real estate where the contract provided that it was "to be definitely closed within a period of — 30 — days . . ." since the statement did not indicate any intention of the contracting parties that all rights and obligations were to terminate if, through no fault of either vendors or vendees, the sale could not be closed exactly within the time prescribed. *See also Taylor v. Bailey*, 34 N.C. App. 290, 237 S.E. 2d 918 (1977), where this Court held that time was not of the essence in a land contract, and the failure to close on or before 15 October 1975 as specified in the contract did not void the defendant-seller's obligations under the contract. These later cases indicate that a closing within a reasonable period of time was sufficient even in the face of specific closing dates where nothing else appeared to indicate that time was of the essence of the contract.

In passing upon a motion for a directed verdict, the court must consider the evidence in the light most favorable to the non-movant, *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973), and all discrepancies must be resolved in favor of the party against whom the motion was made. *Odell v. Lipscomb*, 12 N.C. App. 318, 183 S.E. 2d 299 (1971). When the question of granting a directed verdict is a close one, the better practice is for the trial judge to reserve his decision on the motion and allow the case to be submitted to the jury. *Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982).

Under the facts of this case, and in light of defendant Betty K. Carmichael's testimony that she attempted to close on the property at least ten times during the month of September, we are unable to say that forty-nine (49) days was a reasonable time as a matter of law within which to close on this property. Clearly, more than one inference can be drawn from the facts presented herein. The issue of reasonable time is for the jury. Accordingly, Judge Gatto erred in directing a verdict in favor of plaintiffs.

To summarize our holding:

The order granting partial summary judgment entered on 17 September 1984 is vacated.

The directed verdict granted at the close of all of the evidence in favor of plaintiff is reversed.

This cause is hereby remanded to the District Court of Forsyth County for a trial by jury on all issues raised by the pleadings except defendants' counterclaim for slander of title from which defendants did not appeal.

Reversed and remanded.

Chief Judge HEDRICK and Judge WEBB concur in the result.