AMY GATTIS, Plaintiff v. SCOTLAND COUNTY BOARD OF EDUCATION AND JAMES M. TAPP, Defendants

No. COA05-54

(Filed 4 October 2005)

**1. Schools and Education— teacher's contract—appeal of nonrenewal—timeliness**

A teacher's appeal of the nonrenewal of her contract was not timely when it came more than six months after notification, and summary judgment was properly granted for defendants. N.C.G.S. § 115(c)-325(n).

**2. Appeal and Error— constitutional claim—not raised below—not heard**

A constitutional claim not raised in the court below was not heard on appeal.

Appeal by Plaintiff from judgment entered 27 September 2004 by Judge B. Craig Ellis in Superior Court, Scotland County. Heard in the Court of Appeals 23 August 2005.

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Steven C. Lawrence, for plaintiff-appellant.*

*Hogue, Hill, Jones, Nash & Lynch, by Wayne A. Bullard, for defendant-appellees.*

*Tharrington Smith L.L.P., by Ann L. Majestic & Lisa Lukasik, and North Carolina School Boards Association, by Allison B. Schafer, for North Carolina School Boards Association, amicus curiae.*

WYNN, Judge.

Section 115C-325(n) of the North Carolina General Statutes mandates that a probationary teacher must appeal a school board's decision to not renew her contract within thirty days of notification. In this case, because Plaintiff did not appeal from the school board's nonrenewal decision until some six months after she received the notification, we must uphold the trial court's grant of summary judgment in favor of Defendants.

The underlying facts tend to show that Plaintiff Amy Gattis was hired as a probationary teacher at Carver Middle School for the 2002-2003 school year. At the end of the school year, the Scotland County School Board voted not to renew her contract as a probationary teacher. Thereafter, Freddie Williamson, Head of Personnel for Scotland County Schools, orally informed Ms. Gattis of the decision and on 4 June 2003, mailed a letter to her notifying her of the Board's decision not to renew her contract.

On 28 January 2004, Ms. Gattis filed a Complaint alleging that Defendant James M. Tapp's recommendation and the Board's decision to not renew her contract was arbitrary and capricious and in violation of section 115C-325(m) of the North Carolina General Statutes. In August 2004, Defendants filed a Motion for Summary Judgment along with supporting affidavits. From the trial court's grant of summary judgment in favor of Defendants, Ms. Gattis appeals.

[1] "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). The court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2004).

Section 115C-325(n) of the North Carolina General Statutes provides in pertinent part:

[A]ny probationary teacher whose contract is not renewed under G.S. 115C-325(m)(2) shall have the right to appeal from the decision of the board to the superior court for the superior court district or set of districts as defined in G.S. 7A-41.1 in which the career employee is employed. This appeal shall be filed within a period of 30 days after notification of the decision of the board.

N.C. Gen. Stat. § 115C-325(n) (2004). Thus, the statute mandates that a probationary teacher must appeal a school board's decision within thirty days of notification. *See State v. Brown*, 357 N.C. 382, 390, 584 S.E.2d 278, 283 (2003) ("language of Rule 609(a) ('shall be admitted') is mandatory, leaving no room for the trial court's discretion."), *cert. denied*, 540 U.S. 1194, 158 L. Ed. 2d 106 (2004).

In this case, on 4 June 2003, Mr. Williamson mailed a letter to Ms. Gattis notifying her of the Board's decision to not renew her contract. Before mailing the letter, he personally notified her of the decision. Ms. Gattis did not appeal from the decision until 28 January 2004. Since she did not appeal within the time required by section 115C-325(n) of the North Carolina General Statutes, her suit is barred. N.C. Gen. Stat. § 115C-325(n).

Nonetheless, Ms. Gattis cites to *Spry v. Winston-Salem/Forsyth County Bd. of Educ.*, 105 N.C. App. 269, 412 S.E.2d 687, *aff'd per curiam*, 332 N.C. 661, 422 S.E.2d 575 (1992), arguing that the three-year statute of limitations under section 1-52(n) of the North Carolina General Statutes applies because there is no statutory right to appeal the non-renewal of her contract. But *Spry* was decided before the 1997 amendments to section 115C-325(n) which created a statutory right for a probationary teacher to appeal the non-renewal of a contract. *See* 1997 N.C. Sess. Laws 221. Accordingly, *Spry* no longer applies.

[2] Ms. Gattis also argues that section 115C-325(n) of the North Carolina General Statutes violated her Constitutional due process rights because it "would be impossible for her to have established a record from which she could even present an appeal to the Superior Court judge for review." But Ms. Gattis did not argue her constitutional claim to the trial court. "It is a well settled rule of this Court that we will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the court below." *Powe v. Odell*, 312 N.C. 410, 416, 322 S.E.2d 762, 765 (1984); *see also State v. Woods*, 307 N.C. 213, 219-20, 297 S.E.2d 574, 578 (1982); *City of Durham v. Manson*, 285 N.C. 741, 743, 208 S.E.2d 662, 664 (1974). Since Ms. Gattis failed to make the constitutional argument to the trial court, we do not address it.

Affirmed.

Judges CALABRIA and LEVINSON concur.