ERIC A. LITVAK AND CASTLE VENTURES, LLC, PLAINTIFFS v. KATIE C. SMITH, DEFENDANT

No. COA06-116

(Filed 7 November 2006)

**1. Appeal and Error— preservation of issues—failure to state specific reason—summary judgment**

Although defendant's assignments of error make only the vague assertion that the trial court erred without stating any specific reason why the court erred, specific assignments of error are not required where, as here, the sole question presented in defendant's brief is whether the trial court erred in granting summary judgment in favor of plaintiff.

**2. Vendor and Purchaser— sale of land—condition precedent of rezoning approval**

The trial court erred in a case involving a contract for the sale of land by granting plaintiffs buyers' motion for summary judgment and by denying defendant seller's motion for summary judgment regarding the issue of whether the contract must remain open, because: (1) although plaintiffs remained willing to perform the contract and there was no indication that plaintiffs tarried or delayed in their attempt to perform a condition precedent of obtaining approval for rezoning of the land, there was also no evidence that plaintiffs stood ready and able to complete the terms and conditions of the contract at that time; (2) the delay was indefinite, and neither party to the contract could predict with any certainty as to when the condition precedent could be completed; (3) assuming arguendo that plaintiffs diligently pursued the rezoning process, there was no evidence that the contract price reflected the potential for such delay and that the par-

LITVAK v. SMITH

[180 N.C. App. 202 (2006)]

ties contemplated at the time of contracting assuming the additional risk of protracted litigation; (4) as the condition precedent was for plaintiffs' benefit, plaintiffs could have chosen to waive the condition and purchase the property without rezoning approval; and (5) although the instant contract did not contain a deadline for plaintiffs to obtain nonappealable final rezoning and the instant contract was not time is of the essence, time still was a factor contemplated by the parties when the contract was executed.

Appeal by defendant from judgment entered 30 August 2005 by Judge Benjamin G. Alford in Onslow County Superior Court. Heard in the Court of Appeals 13 September 2006.

*Ward and Smith, P.A., by Gary J. Rickner, for plaintiff-appellees.*

*Hefferon & Hefferon, by Thomas J. Hefferon, and Burris MacMillan Pearce & Burris, by Robert N. Burris, for defendant-appellant.*

JACKSON, Judge.

On 3 May 2004, Eric A. Litvak and Castle Ventures, LLC ("plaintiffs") and Katie C. Smith ("defendant") executed a contract pursuant to which plaintiffs agreed to purchase from defendant 5.12 acres of vacant land in North Topsail Beach, North Carolina, for a purchase price of $1,500,000.00. The contract provided that closing of the sale and transfer of title would occur on or before sixty days after full execution of the contract. The contract also contained an addendum that originally stated that the sale was subject to plaintiffs' being able to rezone the property to residential use. At the time the parties executed the contract, the land was zoned for commercial use. The language of the addendum was modified in handwriting contemporaneously with execution of the contract to state: "This sale is subject to Buyer [illegible] nonappealable final approval to rezone this property to residential use. Buyer shall use all reasonable diligence." Both parties agree that "obtaining" or a word of similar import is the illegible word in the handwritten provision. Both the contract and the handwritten provision omit any time frame for the obtaining of the rezoning.

Following execution of the contract, plaintiffs attempted to have the property rezoned for residential use. On 23 July 2004, plaintiffs

filed a Rezoning and Development Application with the Town of North Topsail Beach requesting that the property at issue be rezoned from B-1 commercial to CU-R-5 residential. The application was presented to the North Topsail Beach Planning Board ("Board") on 12 August 2004, and the Board rejected the application.

On 9 September 2004, plaintiffs submitted a revised concept plan reducing the number of proposed residential units, and the Board recommended rezoning contingent upon a few additional amendments to the application, including increasing the side yard setbacks and limiting the permitted uses to single-family residences only. On 28 September 2004, plaintiffs amended their rezoning application, and Town staff recommended approval.

On 4 October 2004, however, ninety-three of 240 unit owners of a condominium development adjacent to the property at issue submitted a protest petition pursuant to North Carolina General Statutes, section 160A-385. Three days later, a hearing was held before the Board of Aldermen. One of the Board members requested to recuse herself due to a conflict of interest, and the Board voted unanimously to excuse her. Confusion subsequently arose as to whether that Board member should be counted in calculating the three-fourths super-majority required to approve the application under protest. Initially, the Board decided that the withdrawn vote would not count, and thus, the Board voted three to one, rather than three to two, on 4 November 2004 in support of the application. Believing that the super-majority requirement was satisfied, the application was approved. After the Board's approval of plaintiffs' rezoning application, defendant's attorney notified plaintiffs by letter dated 11 November 2004 that defendant expected the sale to close within sixty days.

Subsequently, however, the Board decided, based upon correspondence with faculty members at the Institute of Government and based on further examination of the legal issues surrounding the 4 November 2004 vote, that the absent Board member should have counted as a negative vote. On 2 December 2004, the Board reversed itself and declared the decision of 4 November 2004 void *ab initio*. On 20 December 2004, the Board voted again and this time rejected plaintiffs' application. The following day, defendant signed and mailed a letter to plaintiffs declaring that defendant was terminating the contract due to the rezoning revocation and rejection.

On 28 December 2004, plaintiffs filed suit against the Town of North Topsail Beach, alleging improprieties in the rezoning proceeding and seeking declaratory relief. In early January 2005, plaintiffs received defendant's letter of 21 December 2004. When defendant would not reconsider her position, plaintiffs filed suit on 5 April 2005 seeking a declaration that the contract for the sale of property in North Topsail Beach remained valid and enforceable pending a final determination of plaintiffs' suit against the Town. On 13 May 2005, defendant counterclaimed, seeking both a declaration that the contract was effectively terminated by defendant and a cancellation of plaintiffs' *lis pendens* filed against the property.

Defendant and plaintiffs both filed Motions for Summary Judgment, and the trial court entered an Order on 30 August 2005 granting plaintiffs' Motion for Summary Judgment, denying defendant's Motion for Summary Judgment, and declaring that the contract between defendant and plaintiffs remained valid and enforceable pending a final ruling in plaintiffs' lawsuit against the Town of North Topsail Beach. Defendant filed timely notice of appeal from the trial court's Order.

[1] Defendant appeals from both the trial court's grant of summary judgment in favor of plaintiffs and its denial of summary judgment in favor of defendant. We note as a preliminary matter that although defendant's assignments of error make only the vague assertion that the trial court erred without stating any specific reason why the court erred, this Court has held that specific assignments of error are not "required where, as here, the sole question presented in defendant's brief is whether the trial court erred in granting summary judgment in favor of the plaintiff. The appeal from the judgment is itself an exception thereto." *Nelson v. Hartford Underwriters Ins. Co.*, 177 N.C. App. 595, 601, 630 S.E.2d 221, 226 (2006) (quoting *Vernon, Vernon, Wooten, Brown & Andrews, P.A. v. Miller*, 73 N.C. App. 295, 297, 326 S.E.2d 316, 319 (1985)).

[2] As this Court has noted, "[s]ummary judgment is a 'somewhat drastic remedy.'" *Phelps-Dickson Builders, L.L.C. v. Amerimann Partners*, 172 N.C. App. 427, 434-35, 617 S.E.2d 664, 669 (2005) (quoting *Kessing v. Nat'l Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971)). "The standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Gattis v. Scotland County Bd. of Educ.*, 173 N.C. App. 638, 639,

622 S.E.2d 630, 631 (2005) (alteration and citation omitted). "On appeal, an order allowing summary judgment is reviewed *de novo*." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).

The contract between plaintiffs and defendant provided that the closing of the sale and the transfer of title would occur on or before sixty days after full execution of the contract. The contract also included the condition precedent that defendant obtain final approval to rezone the property for residential use. This Court has explained that

> [a] condition precedent is an event which must occur before a contractual right arises, such as the right to immediate performance. In negotiating a contract the parties may impose any condition precedent, a performance of which condition is essential before the parties become bound by the agreement. Breach or non-occurrence of a condition prevents the promisee from acquiring a right, or deprives him of one, but subjects him to no liability.

*Everts v. Parkinson*, 147 N.C. App. 315, 329, 555 S.E.2d 667, 676 (2001) (internal citations and quotation marks omitted).

To reconcile the closing date with the condition precedent in the face of pending and uncertain litigation between plaintiffs and the Town of North Topsail Beach, we must look to the intent of the parties at the time of the execution of the contract. It is well-settled that the intention of the parties to a contract controls the interpretation of the contract. *See Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 380, 348 S.E.2d 794, 796 (1986); *see also Salvaggio v. New Breed Transfer Corp.*, 150 N.C. App. 688, 689-90, 564 S.E.2d 641, 643 (2002). As this Court has stated,

> [i]f the language of a contract is clear and only one reasonable interpretation exists, the courts must enforce the contract as written and cannot, under the guise of interpretation, rewrite the contract or impose terms on the parties not bargained for and found within the contract. If the contract is ambiguous, however, interpretation is a question of fact, and resort to extrinsic evidence is necessary. An ambiguity exists in a contract if the language of a contract is fairly and reasonably susceptible to either of the constructions asserted by the parties. Thus, if there is any uncertainty as to what the agreement is between the parties, a

contract is ambiguous. This Court's review of a trial court's determination of whether a contract is ambiguous is *de novo*.

*Crider v. Jones Island Club, Inc.*, 147 N.C. App. 262, 266-67, 554 S.E.2d 863, 866-67 (2001), *cert. denied*, 356 N.C. 161, 568 S.E.2d 192 (2002) (internal citations, alteration, footnote, and quotation marks omitted). Defendant contends that requiring her to keep open the "contract pending the outcome of [plaintiffs'] uncertain and protracted litigation places an inequitable burden upon her that no reasonable person under the circumstances of this sale would have accepted, and to which she never agreed." Conversely, plaintiffs contend both that the contingency in the contract gave them an implied right to appeal the Board's action and that the language of the contingency itself, which required a "nonappealable" and "final" zoning approval, established their right to appeal the Board's decision.

"Time is ordinarily not of the essence of a contract of sale and purchase." *Furr v. Carmichael*, 82 N.C. App. 634, 638, 347 S.E.2d 481, 484 (1986). "[W]hen the only reference to time in the contract was as to a proposed closing date, and the conditions included a survey and title opinion of the property, time was not of the essence to the agreement and . . . the failure to settle by the stated date did not vitiate the contract." *Wolfe v. Villines*, 169 N.C. App. 483, 489, 610 S.E.2d 754, 759 (2005) (citing *Taylor v. Bailey*, 34 N.C. App. 290, 293-94, 237 S.E.2d 918, 920 (1977)). When time is not of the essence to an agreement, the parties have a reasonable time to close the sale and purchase. *See Furr*, 82 N.C. App. at 638-39, 347 S.E.2d at 484. As our Supreme Court has held,

> [w]hat is a "reasonable time" in which delivery must be made is generally a mixed question of law and fact, and, therefore, for the jury, but when the facts are simple and admitted, and only one inference can be drawn, it is a question of law.

*Wolfe*, 169 N.C. App. at 489, 610 S.E.2d at 759 (quoting *J.B. Colt Co. v. Kimball*, 190 N.C. 169, 174, 129 S.E. 406, 409 (1925)); *see also Furr*, 82 N.C. App. at 638, 347 S.E.2d at 484.

In the case *sub judice*, both sides agree that there was no "time-is-of-the-essence" clause in this contract. Defendant's right to terminate the contract matured on 2 July 2004, sixty days after execution of the contract. As of that date, plaintiffs had not obtained nonappealable and final rezoning, and indeed, plaintiffs did not even submit their rezoning application to the Town until 23 July 2004. Despite the

delay, defendant did not exercise her termination right and thus waived the right to insist on the sixty-day closing deadline. Furthermore, as time was not of the essence in the contract, plaintiffs' failure to obtain approval to rezone the property did not vitiate the contract. Rather, plaintiffs continued to have a reasonable time in which to complete the contingencies in the contract and close the sale.

On 11 November 2004, 192 days after execution of the contract, defendant provided a written extension of time by letter, stating that closing should occur within sixty days. Again, there is no indication that time was of the essence of this extension, and accordingly, plaintiffs still had a reasonable time during which to complete the conditions in the contract and close the sale.

After the Board's rejection of the application by its votes of 2 December and 20 December 2004, defendant decided that she could no longer wait for approval of the rezoning application, as the likely duration of the pending litigation between plaintiffs and the Town of North Topsail Beach was uncertain. Many months—perhaps more than a year—might pass before a determination would be rendered on whether the Board had acted properly in denying the application, and nearly six months already had passed since the original sixty-day deadline before defendant finally opted to terminate the contract. Although plaintiffs remained willing to perform the contract and there is no indication that plaintiffs " 'tarried or delayed,' " there also is no evidence that plaintiffs " 'stood ready . . . and able to complete the terms and conditions of [the] contract' " at that time. *Wolfe,* 169 N.C. App. at 489, 610 S.E.2d at 759 (quoting *Taylor,* 34 N.C. App. at 294, 237 S.E.2d at 921). In *Wolfe,* this Court affirmed the trial court's ruling that a delay of only a few weeks was not unreasonable as a matter of law. *See id.* Here, however, the delay was indefinite, and neither party to the contract could predict with any certainty as to when the condition precedent could be completed. Furthermore, assuming *arguendo* that plaintiffs diligently pursued the rezoning process, there is no evidence that the contract price reflected the potential for such delay and that the parties contemplated at the time of contracting assuming the additional risk of protracted litigation. As the condition precedent was for plaintiffs' benefit, plaintiffs could have chosen to waive the condition and purchase the property without rezoning approval. *Cf. Baysdon v. Nationwide Mut. Fire Ins. Co.,* 259 N.C. 181, 188, 130 S.E.2d 311, 317 (1963) ("A party may waive a provision of a contract. A provision in a policy that insurer must

give notice to insured as a condition precedent to cancellation is for insured's benefit and may be waived by him."); *see also Hing Bo Gum v. Nakamura*, 549 P.2d 471, 475 (Haw. 1976) (per curiam) (citing with approval cases from California, Michigan, Tennessee, and New York holding that a contractual condition may be waived by a party if the condition is solely for that party's benefit). Plaintiffs, however, chose to continue pursuing rezoning approval, and thus, completion of the condition precedent, along with defendant's corresponding obligation to sell and plaintiffs' obligation to buy, remained uncertain.

The provisions in the contract did not explicitly and unambiguously address the issue we confront in this case. Land contracts conditioned upon or made subject to successful rezoning frequently contain explicit time limitations. *See, e.g., Jones v. Saah*, 275 A.2d 165, 165 (Md. Ct. App. 1971) ("In the event said zoning is not secured by May 30, 1968, this contract shall become Null and Void and both parties shall be relieved of any further liability . . . ."). Nevertheless, although the instant contract did not contain a deadline for plaintiffs to obtain nonappealable, final rezoning and although the instant contract was not "time-is-of-the-essence" as discussed *supra*, time still was a factor contemplated by the parties when the contract was executed. Pursuant to the contract, the sale should have been closed within sixty days, and thus, although time may not have been of the essence, it nevertheless was a factor considered by the parties when they struck their bargain. As such, it is patently unreasonable to require defendant to keep the contract open pending resolution of plaintiffs' uncertain and indefinite litigation with the Town of North Topsail Beach.

We conclude that defendant carried her burden of establishing the lack of a triable issue of material fact, and accordingly, the trial court erred in both granting plaintiffs' Motion for Summary Judgment and denying defendant's Motion for Summary Judgment.

REVERSED.

Judges CALABRIA and GEER concur.