County of Catawba v. Frye Reg'l Med. Ctr., Inc., 2014 NCBC 57.

STATE OF NORTH CAROLINA

CATAWBA COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 2780

COUNTY OF CATAWBA d/b/a
CATAWBA VALLEY MEDICAL
CENTER,

            Plaintiff,

v.

FRYE REGIONAL MEDICAL
CENTER, INC., and TATE
SURGERY CENTER, LLC,

            Defendants.

ORDER AND OPINION ON
DEFENDANTS' MOTION FOR
CONSIDERATION OF STATUTE OF
LIMITATIONS DEFENSE

{1}    **THIS MATTER** is before the Court upon Defendants Frye Regional Medical Center, Incorporated and Tate Surgery Center, LLC's (collectively, "Defendants") Motion for Consideration of Statute of Limitations Defense (the "Motion") in the above-captioned case.

> *Brooks, Pierce, McLendon, Humphrey & Leonard LLP by James C. Adams, II, Justin N. Outling, and Forrest W. Campbell, Jr. for Plaintiff.*

> *Van Laningham Duncan PLLC by Alan W. Duncan and Poyner & Spruill, LLP by S. Todd Hemphill, Matthew A. Fisher, and David R. Broyles for Defendants.*

Bledsoe, Judge.

{2}    The factual and procedural background of this case is recited in detail in *County of Catawba v. Frye Reg'l Med. Ctr., Inc.*, 2014 NCBC 27 (N.C. Super. Ct., June 26, 2014), www.ncbusinesscourt.net/opinions/2014_NCBC_27.pdf (granting in part and denying in part Defendants' Motion for Summary Judgment). The facts pertinent for purposes of resolving the present Motion are set forth below.

{3}     Plaintiff filed the Complaint in this action on September 8, 2011, asserting claims against Defendants for breach of four separate contracts (claims 1 - 4), fraud (claim 5), and unfair and deceptive trade practices under N.C.G.S. § 1-75.1 ("UDTP") (claim 6).

{4}     On October 21, 2013, Defendants filed a Motion for Summary Judgment (the "SJ Motion") seeking dismissal of each of Plaintiff's six claims.  Defendants argued that dismissal of Plaintiff's fourth claim for relief – for breach of the parties' Private Party Settlement Agreement (the "PPSA") – was proper on several grounds, including failed conditions, lack of consideration, statute of limitations, and because the PPSA was an agreement to agree and thus not an enforceable contract.

{5}     On June 27, 2014, this Court (Murphy, J.) issued an Opinion denying Defendants' SJ Motion on Plaintiff's claim for breach of the PPSA, stating that "there is a question of material fact as to whether the parties intended the PPSA to serve as a binding agreement . . . ." *County of Catawba*, 2014 NCBC 27 at ¶ 48.  Judge Murphy included a footnote at the end of his ruling on this claim stating that "[b]ecause there is a question of material fact related to enforceability of the PPSA, it is unnecessary for the Court to consider the parties' additional arguments at this stage of the litigation." *Id.* at fn. 1.

{6}     Defendants have now moved the Court to consider Defendants' contention that Plaintiff's claim for breach of the PPSA is barred by the applicable statute of limitations – an issue Defendants argue Judge Murphy left unresolved in his Opinion and on which Defendants claim they are entitled to a favorable ruling.  Plaintiff

opposes Defendants' Motion and contends that either Judge Murphy considered and rejected Defendants' statute of limitations defense in rendering his Opinion or, alternatively, if Judge Murphy did not consider the defense, Defendants are not entitled to have the defense considered at this time. Plaintiff further contends that, in any event, the undisputed facts of record do not permit the Court to find that Plaintiff's breach of contract claim is barred by the statute of limitations as a matter of law.

{7} Generally, "no appeal lies from one superior court judge to another" and "a motion for summary judgment denied by one superior court judge may not be allowed by another superior court judge on identical legal issues." *Furr v. Carmichael*, 82 N.C. App. 634, 637, 347 S.E.2d 481, 483 (1986). The Court may, however, consider issues and defenses not ruled upon by the prior judge in its determination of an earlier motion for summary judgment. *See Cail v. Cerwin*, 185 N.C. App. 176, 181–86, 648 S.E.2d 510, 514–17 (2007) (holding superior court judge did not overrule summary judgment order of prior superior court judge when he granted summary judgment on an issue prior judge had not decided).

{8} Based on the Court's reading of Judge Murphy's footnote and the entirety of the Opinion, the Court concludes that Judge Murphy did not consider Defendants' statute of limitations defense in ruling on Defendants' SJ Motion on Plaintiff's claim for breach of the PPSA and further that Defendants' statute of limitations defense was not determined or rendered moot by Judge Murphy's summary judgment ruling. As a result, the Court concludes that it has the authority to consider, and will

therefore consider, whether Defendants are entitled to summary judgment dismissing Plaintiff's claim for breach of the PPSA on statute of limitations grounds.

{9} Now therefore, having considered the Motion, the briefs and exhibits filed in support of and in opposition to the Motion, the briefs and exhibits filed in support of and in opposition to Defendants' SJ Motion, and the arguments of counsel made at a hearing held on October 14, 2014, the Court finds that there are genuine issues of material fact concerning whether the statute of limitations has run on Plaintiff's claim for breach of the PPSA, including (i) when Plaintiff received notice of Defendants' alleged breach for purposes of triggering the applicable statute of limitations, and (ii) whether Defendant engaged in conduct that would permit the application of the doctrine of equitable estoppel to preclude Defendants from relying on the statute of limitations defense to defeat Plaintiff's claim for breach of the PPSA. *See Miller v. Talton*, 112 N.C. App. 484, 488, 435 S.E.2d 793, 797–98 (1993) (holding equitable estoppel would prevent reliance on statute of limitations defense where "plaintiffs asserted that defendants repeatedly promised to remedy the surface water drainage problems, that plaintiffs believed defendants would keep their word and fix the problems, and in reliance on defendants' promises, plaintiffs delayed instituting legal action").

{10} Accordingly, the Court concludes Defendants are not entitled to summary judgment on Plaintiff's claim for breach of the PPSA. Therefore, Defendants' Motion for Summary Judgment seeking dismissal of Plaintiff's claim for breach of the PPSA on statute of limitations grounds is hereby **DENIED**.

**SO ORDERED**, this the 13th day of November 2014.