MARIE T. ASSAAD v. COLIN G. THOMAS, JR.

No. 8615SC1201

(Filed 6 October 1987)

**Physicians, Surgeons and Allied Professions § 17— medical malpractice—no expert testimony for plaintiff—directed verdict for defendant proper**
　　The trial court did not err by directing a verdict for defendant in a medical malpractice action where plaintiff produced no expert testimony to support her allegations as to defendant's breach of the standard of care.

APPEAL by plaintiff from *Battle, Judge.* Judgment entered 24 March 1986 in Superior Court, ORANGE County. Heard in the Court of Appeals 21 September 1987.

This is a civil action wherein plaintiff seeks to recover damages for personal injuries due to alleged medical negligence of defendant.

In her complaint, plaintiff alleges defendant was negligent when he performed a thyroidectomy on her on 27 February 1980. She further alleges she suffered dysfunctions of her vocal cords as well as other disorders as a result of this negligence. In support of these claims, she alleged defendant "failed to comply with the standards of surgery existing on the date of the said operation," and that he failed to comply with her informed consent and with precautionary measures. She made further allegations concerning defendant's actions and asked for damages.

Defendant filed an answer denying the material allegations of the complaint and alleging that plaintiff assumed the risk of surgery and was contributorily negligent.

At trial, plaintiff offered evidence tending to show that while she was studying medicine in Egypt she developed Grave's disease, a disorder of the thyroid. After undergoing a subtotal thyroidectomy in Paris, France, plaintiff began attending the University of North Carolina at Chapel Hill. There she developed

problems associated with hyperthyroidism. Subsequent drug therapy proved unsuccessful. Plaintiff then chose to have another subtotal thyroidectomy, and she was referred to defendant.

After consulting with defendant, plaintiff signed an authorization stating that all complications and risks had been explained. On 27 February 1980 the surgery was performed by defendant. Plaintiff experienced complications from the surgery. Plaintiff produced no expert testimony to support her allegations as to defendant's breach of the standard of care.

Testimony at trial further indicates defendant proceeded with the surgery in accordance with the standard of practice. Testimony also indicates plaintiff's complications were under control and that her voice was such that no laryngeal nerves could have been severed as she alleged.

Defendant's motion for a directed verdict at the close of plaintiff's evidence was allowed and plaintiff appeals from a judgment directing a verdict for defendant.

*No counsel for plaintiff, appellant.*

*Yates, Fleishman, McLamb & Weyher, by Beth R. Fleishman and Barbara B. Weyher, for defendant, appellee.*

HEDRICK, Chief Judge.

The record filed in this case consists of 14 pages, the transcript is made up of over 700 pages, plaintiff's brief consists of 106 pages and there are numerous exhibits. Plaintiff has failed to follow the Rules of Appellate Procedure in that she has failed to set out her assignments of error and exceptions in her brief's "argument" section. Rule 28(b)(5) provides that "[e]xceptions not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." Additionally, in her brief, she has attempted to advance many immaterial and irrelevant arguments. We have nevertheless considered the record, transcript and brief in order to evaluate her appeal which essentially boils down to one question—that is, whether the trial court erred in directing a verdict for defendant.

Where there is a motion made for a directed verdict, the trial judge must determine whether the evidence, taken in the light

most favorable to the plaintiff and giving it the benefit of every reasonable inference which can be drawn therefrom, was sufficient to withstand the defendant's motion. *Younts v. State Farm Mut. Auto. Ins. Co.*, 281 N.C. 582, 189 S.E. 2d 137 (1972). In making such a ruling, the court must resolve any discrepancies in favor of the party against whom the motion is made. *Odell v. Lipscomb*, 12 N.C. App. 318, 183 S.E. 2d 299 (1971).

In medical malpractice actions, the burden is on the plaintiff to offer evidence of failure of a physician to meet certain requirements:

> (1) He must possess the degree of professional learning, skill and ability which others similarly situated ordinarily possess; (2) he must exercise reasonable care and diligence in the application of his knowledge and skill to the patient's case; and (3) he must use his best judgment in the treatment and care of his patients.

*Hunt v. Bradshaw*, 242 N.C. 517, 521, 88 S.E. 2d 762, 765 (1955).

N.C.G.S. 90-21.12 further provides:

> In any action for damages for personal injury or death arising out of the furnishing or the failure to furnish professional services in the performance of medical, dental, or other health care, the defendant shall not be liable for the payment of damages unless the trier of the facts is satisfied by the greater weight of the evidence that the care of such health care provider was not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged act giving rise to the cause of action.

Because of the nature of the present case, and the technical nature of medical testimony, jurors cannot decide ultimate issues of negligence without the help of expert witnesses. Generally, there must be expert testimony that tends to show a deviation from a normal standard of care. *Beaver v. Hancock*, 72 N.C. App. 306, 324 S.E. 2d 294 (1985).

Applying foregoing principles, we find no evidence in the record as to what this defendant did or failed to do in perform-

ance of duties to plaintiff. Therefore, the court was obligated to direct a verdict for defendant. In the superior court, we find no error.

Affirmed.

Judges ARNOLD and ORR concur.