The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On the date of the alleged negligent act giving rise to this claim, defendants named employees were acting within the course and scope of their employment with defendant, an agency of the State of North Carolina.
2. A Consent to Surgery, Anesthetics and Medical Treatment, executed by plaintiff and dated 9 September 1991, marked as Stipulated Exhibit Number One, is admitted into evidence.
3. Two pages of defendants regulations entitled Health Care Procedures, section 702, marked as Stipulated Exhibit Number Two, are admitted into evidence.
4. Ten pages of defendants regulations entitled Health Care Procedures, sections 300 through 307, marked as stipulated Exhibit Number Three, are admitted into evidence.
5. Two x-rays, marked as Stipulated Exhibit Number Four, are admitted into evidence.
6. A North Carolina Department of Correction dental health record, marked as Stipulated Exhibit Number Five, is admitted into evidence.
7. Sixteen pages of plaintiffs medical records, marked as Stipulated Exhibit Number Six, are admitted into evidence.
8. Twelve pages of correspondence from or to Fran H. Boles-Twisdale, D.D.S., including a Motion to Quash, marked as Stipulated Exhibit Number-Seven, are admitted into evidence.
9. Defendants treatment of plaintiffs tooth number 20, including its extraction on 4 October 1991, was proper and is not the basis for plaintiffs claim.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. In his AFFIDAVIT, filed on 16 August 1993, plaintiff alleged that:
 Claimant developed a painful swollen area in the lower left side of gums. Claimants gums were infected and swollen. The above-named dentist and assistant provided a course of treatment which did not conform to minimum professional standards. As a direct proximate result, claimant suffered continuous pain. One of claimants teeth was extracted without his consent and over his oral objection and another tooth had to be pulled because of the poor quality of care rendered by the above named agents or employees.
2. On 15 August 1991, plaintiff was an inmate of the North Carolina Department of Correction, housed in the Harnett Correctional Institute.
3. On 15 August 1991, plaintiff was experiencing pain in or around the teeth on the lower left side of his mouth, specifically in the area of teeth numbers 19 through 21. The following day, 16 August 1991, plaintiff was examined by Dr. McKissick, an agent of defendant. Plaintiffs pain was caused by periodontal disease and an abscess in the vicinity of tooth number 19. Dr. McKissick initially treated plaintiffs abscess with penicillin.
4. Plaintiffs pain in tooth number 19 began at least as early as 27 February 1989. On that date, plaintiff had a tooth number 19 fracture. Plaintiff received treatment for complaints related to tooth number 19 through 13 June 1989.
5. On 19 August 1991, plaintiff again requested that defendant provide him with dental treatment. After being admitted to defendants treatment facility, plaintiff positioned himself in the dentists chair. Dr. McKissick administered Novocain to numb the abscessed area of plaintiffs mouth. Dr. McKissick then extracted tooth number 19.
6. Plaintiff did not consent, orally or in writing, to the extraction of tooth number 19. Likewise, plaintiff did not object, orally or in writing, to the extraction of tooth number 19.
7. There is no evidence of record as to the standards of practice among members of the dental health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to plaintiffs claim. Consequently, there is no evidence of record that defendant deviated from those standards in providing plaintiff with medical treatment.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. North Carolina recognizes two common law causes of action, assault and battery, which appear to be the basis for the allegations set forth in plaintiffs affidavit. An assault, causing another apprehension of a harmful or offensive contact, and a battery, the non-permitted touching of another, are intentional torts. Holloway v. Wachovia Bank and Trust Co., 109 N.C. App. 403
(1993). An unauthorized surgery constitutes a battery. Ipock v.Gilmore, 85 N.C. App. 70, 354 S.E.2d 315 (1987). To the extent that plaintiff has alleged an assault or battery, he has alleged intentional torts over which the North Carolina Industrial Commission has no jurisdiction. Givens v. Sellars,273 N.C. App. 44, 159 S.E.2d 530 (1968); Braswell v. NorthCarolina A T State University, 5 N.C. App. 1, 168 S.E.2d 24
(1996).
2. To the extent that plaintiff alleges that defendant was negligent in treatment of plaintiffs dental condition or illness, there is no competent evidence of record as to what standard of care defendant owed plaintiff or, consequently, that defendant deviated from that standard. Thus, there is no evidence that defendant was negligent. Assaad v. Thomas, 87 N.C. App. 276,360 S.E.2d 503 (1987).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiffs claim for damages based upon allegations of assault or battery, must be and the same is hereby, DISMISSED.
2. Under the law, plaintiffs claim for damages for negligence must be, and the same is hereby, DENIED.
3. Each party shall bear its own costs.
This is the 24th of March 1997.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/__________ COY M. VANCE COMMISSIONER
DISSENTING WITHOUT OPINION:
S/_____________ THOMAS J. BOLCH COMMISSIONER