DAVID A. WALKER AND WIFE, PATSY B. WALKER v. EDWARD
    WEAVER, D/B/A WEAVER REALTY COMPANY, BEN F. MUS-
    SER AND WIFE, HATTIE L. MUSSER

No. 745DC118

(Filed 20 November 1974)

1. Vendor and Purchaser § 8— part payment — failure to perform con-
   tract — no refund

   Where a party agrees to purchase real estate and pays a part
   of the consideration therefor and then refuses or becomes unable to
   comply with the terms of his contract, he is not entitled to recover
   the amount theretofore paid pursuant to its terms; therefore, the
   trial court properly dismissed plaintiffs' action to recover $500 paid
   on the purchase price of a house where plaintiffs agreed to purchase
   subject to their getting financing, plaintiffs' loan application was
   approved subject only to a title check, but after the date plaintiffs
   learned of the loan approval and before closing, plaintiffs decided not
   to purchase.

2. Vendor and Purchaser § 2— closing within thirty days — time not of
   essence

   Time was not of the essence in a contract to purchase real estate
   where the contract provided that it was "to be definitely closed within
   a period of 30 days," since that statement did not indicate any in-
   tention of the contracting parties that all rights and obligations were
   to terminate if, through no fault of either vendors or vendees, the
   sale could not be closed exactly within the time period prescribed.

APPEAL by plaintiffs from *Barefoot, District Judge,* 20 Au-
gust 1973 Session of District Court held in NEW HANOVER
County.

Civil action to recover $500.00 down payment made under
a contract to purchase real property. By written agreement
dated 14 June 1972 plaintiffs agreed to purchase and defendants
Musser and wife agreed to sell a house and lot in Wilmington,
N. C., for the price of $22,500.00, of which $2,500.00 was to be
cash and "[b]alance together with interest at 8% per annum
payable in 24 years." The agreement was also signed by Weaver
Realty Company, Agent, and contained a recital that the agent
acknowledged receipt of $500.00 "as part payment on the pur-
chase price." No further mention of this $500.00 payment was
made in the agreement. The agreement provided it was "subject
to the buyers getting financing," and that the contract of sale
was "to be definitely closed within a period of - 30 - days from
date hereof."

Plaintiffs commenced this action on 20 December 1972, alleging that plaintiffs, "through no fault or negligence of their own, were unable to obtain financing in accordance with the terms of the contract as herein alleged on or before the definite date set for closing therein by the defendants and in accordance with the terms of said contract it became null and void and of no binding effect on the plaintiffs upon such occurrence." On 29 December 1972 defendant Edward Weaver, doing business as Weaver Realty Company, paid the $500.00 into the office of the clerk of superior court to be held by the clerk pending the outcome of this action, and subsequently the court entered an order dismissing this action as to Weaver Realty Company. No appeal was taken from that order. Defendants Musser filed answer in which they denied the above-quoted allegation in the complaint, and alleged that "the plaintiffs breached their agreement with these defendants and are not entitled to a refund of the $500.00 earnest money," but that on the contrary defendants were entitled to recover the same from the clerk of superior court.

By agreement, the case was heard by the district judge without a jury. Plaintiff David A. Walker testified that on 15 June 1972, the day following the signing of the contract, plaintiffs applied for a loan to Cooperative Savings & Loan Association, that he was subsequently informed that the loan applied for was approved, but that when he contacted the Savings & Loan Association on 13 July to find out what time closing would be, he was informed that the loan papers had been misplaced, that the attorneys had not yet examined the title, and that closing could not take place until the latter part of the following week. Plaintiffs also presented the testimony of the lending officer of the Savings & Loan Association, who testified that plaintiffs' loan application had been approved subject only to a title check, that on 14 July the money was available from the Savings & Loan Association but they could not close the loan because they did not know the condition of the title, that the papers were not sent to the title attorneys until 14 July, and that he could not explain why the papers had not been sent to the attorneys before that date.

On cross-examination, plaintiff David A. Walker testified:

"In my conversation with Mrs. Brown [of Weaver Realty Company] on July 14, I did not tell her that we were not going to close when Cooperative Savings & Loan

---
---

had that title prepared. The first time I told anybody 'No' was the following Monday, July 17. I first called Weaver Realty Company but Mr. Weaver was not in. During the weekend, my wife and I had gone by the house and we just decided that maybe it wasn't as good an idea as we first thought and we decided against buying the house during the weekend. It is true that that's when it first came to my mind, after the time when the Savings & Loan said they had approved my loan but they had to get the title complete. It is correct that prior to this time I had not shown any disappointment in the home."

At conclusion of plaintiffs' evidence, the court allowed defendants' motion for dismissal of plaintiffs' action made under Rule 41(b) and entered judgment making detailed findings of fact, conclusions of law, and directing that the $500.00 be paid by the clerk of superior court to defendants Musser. From this judgment, plaintiffs appealed.

*Poisson, Barnhill, Butler & Martin by Algernon L. Butler, Jr., for plaintiff appellants.*

*James L. Nelson and James D. Smith for defendant appellees.*

PARKER, Judge.

[1] "It is settled law that where a party agrees to purchase real estate and pays a part of the consideration therefor and then refuses or becomes unable to comply with the terms of his contract, he is not entitled to recover the amount theretofore paid pursuant to its terms." *Scott v. Foppe,* 247 N.C. 67, 70, 100 S.E. 2d 238, 240 (1957). Such is the rule recognized in this and in a majority of American jurisdictions. Annot., 31 A.L.R. 2d 8. As is noted in that Annotation, p. 19, because application of this rule may at times produce a harsh result, a minority of jurisdictions refuses to permit the vendor to retain money paid on the contract in excess of damage sustained from the breach. We need not, however, now consider the merits of the minority view, since application of the "settled law" to the present litigation produces no harsh result.

[2] Applying the settled law, the judgment appealed from should be affirmed. Appellants' assignments of error to certain of the court's findings of fact and conclusions of law either call into question certain minor discrepancies as to dates, which we

---

find immaterial, or are predicated upon appellants' contention that time was of the essence of the contract and, the loan proceeds being unavailable within the time set for closing, plaintiffs were excused from all further obligation to perform. We do not think that time was of the essence of the contract. The written agreement was apparently prepared in the office of the real estate agency and was somewhat ineptly drawn. The only reference to time of closing was the statement that the contract was "to be definitely closed within a period of 30 days," a statement which in our opinion falls short of indicating any intention of the contracting parties that all rights and obligations were to terminate if, through no fault of either vendors or vendees, the sale could not be closed exactly within the time period prescribed. Nothing in plaintiffs' evidence indicates that when the contract was drawn the time of closing was of major concern. Plaintiff David A. Walker testified, "I did not have anything to do with setting the 30 days, it was typed in."

We find the court's essential findings of fact to be supported by competent evidence and that these in turn support its conclusion of law that plaintiffs' failure to close amounted to a breach of contract. This conclusion of law was in itself sufficient to support the judgment rendered. Holding as we do, that time was not of the essence of the contract, the court's additional conclusion that "the conduct of the parties amounted to a modification of the contract to extend closing for a reasonable period of time," was merely surplusage, and we need not determine whether it was correct.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge BALEY concur.