STAR FINANCIAL CORPORATION, PLAINTIFF v. HOWARD NANCE COMPANY, DEFENDANT

No. COA98-286

(Filed 15 December 1998)

**Vendor and Purchaser— sales contract—recovery of earnest money**

     The trial court did not err by granting summary judgment for defendant in an action to recover earnest money paid as a part of a failed contract to purchase real property. Plaintiff buyer, having breached the real estate sales contract, was not entitled to recover the amounts paid prior to its breach.

Judge GREENE dissenting.

Appeal by plaintiff from judgment entered 3 December 1997 by Judge James L. Baker, Jr., in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 November 1998.

On 4 October 1995, seller Howard Nance Company (Nance) and purchaser Star Financial Corporation (Star) entered into a contract for the purchase of a lot and house under construction in Charlotte, North Carolina. The original purchase price of the property under the contract was $535,275.00, but the price was increased to $558,792.52 after adding all change orders submitted by Star. Closing and transfer of the title were to occur within seven days of the issuance of a certificate of occupancy.

The contract was written on the North Carolina Bar Association/North Carolina Association of Realtors, Inc., form, but the parties modified it for this sale. Section 3 of the contract was stricken by the parties, except for the line setting out the purchase price of $535,275.00. The stricken portion set out the manner in which the purchase price would be paid, including the amount of any earnest money. No amount was specified as earnest money.

However, Section 1 of the standard provisions in the contract entitled "EARNEST MONEY" still remained and provided, in part, that:

> In the event this offer is not accepted, or in the event that any of the conditions hereto are not satisfied, or in the event of a breach of this contract by Seller, then the earnest money shall be returned to Buyer, but such return shall not affect any other remedies available to Buyer for such breach. In the event this offer is accepted and Buyer breaches this contract, then the earnest money shall be forfeited, but such forfeiture shall not affect any other remedies available to Seller for such breach.

Addendum A was added to the contract and provided that the purchase price of $535,275.00 would be paid in the following manner: $50,000.00 to seller when the contract was delivered and $50,000.00 to seller on 1 November 1995, with both amounts to be applied to the purchase price. The remaining balance was to be paid at closing.

Star paid the first two payments, totaling $100,000.00. Thereafter, the closing date for the house was pushed back several times, including from 15 December 1995, to 19 December 1995, to 12 January 1996, to 1 February 1996, to 13 February 1996. Nance advised Star that if Star did not close on the property on 13 February 1996, Nance would place the property back on the market.

Nance received no response from Star by 13 February 1996, so Nance declared Star to be in breach of the contract and put the property on the market. Several months later, a third-party purchaser signed a contract to purchase the property for $550,000.00, and the closing was held on 28 June 1996.

Nance retained the $100,000.00 paid by Star, and Star filed this action on 15 August 1996 to recover that sum. Both parties filed a summary judgment motion. On 3 December 1997, the trial court denied plaintiff's motion and granted defendant's motion, finding that defendant was entitled to keep the $100,000.00 paid by plaintiff pursuant to the real estate contract. Plaintiff appealed.

*John E. Hodge, Jr., for plaintiff appellant.*

*Perry, Patrick, Farmer & Michaux, P.A., by John H. Carmichael, for defendant appellee.*

STAR FIN. CORP. v. HOWARD NANCE CO.

[131 N.C. App. 674 (1998)]

HORTON, Judge.

The issue on appeal is whether the buyer under a contract to purchase real estate, who does not comply with the terms of the contract, may recover the amounts paid to the seller prior to the buyer's breach. North Carolina follows the common law rule, which is the majority American view, that a defaulting buyer may not recover any portion of consideration paid prior to his breach.

> It is settled law that where a party agrees to purchase real estate and pays a part of the consideration therefor and then refuses or becomes unable to comply with the terms of his contract, he is not entitled to recover the amount theretofore paid pursuant to its terms.

*Scott v. Foppe*, 247 N.C. 67, 70, 100 S.E.2d 238, 240 (1957).

In *Walker v. Weaver*, 23 N.C. App. 654, 209 S.E.2d 537 (1974), this Court applied the holding of *Scott* and held that the trial court was correct in awarding the seller a $500.00 "part payment on the purchase price" made by the buyer under a contract to purchase real estate where the buyer had defaulted under the contract. We note that there was no forfeiture provision in the real estate contracts involved in *Scott* and *Walker*, nor were the amounts paid in those cases referred to as either earnest money or liquidated damages. In both cases, as in the case *sub judice*, the amounts paid were to be applied to the total purchase price. Thus, in the present case, the trial court correctly entered summary judgment for the seller. Plaintiff buyer, having breached the real estate sales contract, was not entitled to recover the amounts paid prior to its breach.

We are aware that the common law rule has been criticized in some jurisdictions as being inequitable where the amount forfeited is more than the seller's actual damages resulting from the breach. *See Walker*, 23 N.C. App. at 656, 209 S.E.2d at 539. That may be the situation in the instant case. However, it is not for this Court to depart from a rule that our Supreme Court has described as "settled law."

For the foregoing reasons, the decision of the trial court is

Affirmed.

Judge LEWIS concurs.

Judge GREENE dissents.

STAR FIN. CORP. v. HOWARD NANCE CO.

[131 N.C. App. 674 (1998)]

Judge GREENE dissenting.

I disagree with the majority that the law in North Carolina provides that every person under a contract to purchase real estate, who defaults under the contract, forfeits to the seller any monies paid pursuant to the contract prior to the default, absent a specific agreement to the contrary.

The general rule provides that in a contract for purchase and sale, the vendor, upon breach by the purchaser, may either sue for the difference between the agreed price and the fair market value, or for damages which have been occasioned by the purchaser's failure to comply with his contract. *See, generally,* 77 Am. Jur. 2d *Vendor and Purchaser* § 577-79 (1997). The parties, however, are free to expressly provide "that a certain sum will be paid by the purchaser as liquidated damages if the purchaser fails to perform, and such a provision will be given effect unless the situation of the parties and the surrounding circumstances show that, notwithstanding the words used, a penalty was intended." *Id.* at § 581.

> [A] stipulated sum is for liquidated damages only (1) where the damages which the parties might reasonably anticipate are difficult to ascertain because of their indefiniteness or uncertainty and (2) where the amount stipulated is either a reasonable estimate of the damages which would probably be caused by a breach *or* is reasonably proportionate to the damages which have actually been caused by the breach.[1]

*Knutton v. Cofield,* 273 N.C. 355, 361, 160 S.E.2d 29, 34 (1968); 22 Am. Jur. 2d *Damages* § 701 (1988) (provisions fixing damages "in an amount grossly disproportionate to the harm actually sustained or likely to be sustained . . . is an agreement to pay a penalty"). Liquidated damages are collectable, but penalties are not enforceable. *Id.*

In this case, the parties did not stipulate a sum that would be forfeited upon the purchaser's breach. Indeed, the provision that the $100,000.00 paid by the purchaser would be "earnest" money forfeited upon default by the purchaser was deleted from the contract. This deletion evidences the parties' intent to have no forfeiture clause, thus relegating the seller to an action for damages in the event of the purchaser's default.

---

1. The fixing of unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty. Restatement (Second) of Contracts § 356(1) (1981).

In any event, to the extent the contract could be read to provide that the $100,000.00 would be forfeited upon the purchaser's breach, that amount constitutes a penalty because it is so large as to be out of proportion to the probable loss of the seller and does not represent a fair estimate of the damages actually sustained.[2] I would therefore hold that summary judgment for Nance was error, that Nance was not entitled to retain the $100,000.00 as a forfeiture, and that the case must be remanded for a determination of Nance's actual damages arising from Star's default.

I do not believe that *Scott v. Foppe*, 247 N.C. 67, 100 S.E.2d 238 (1957), and *Walker v. Weaver*, 23 N.C. 654, 209 S.E.2d 537 (1974), require that we reach a different conclusion. In *Scott*, the Court was careful to note that the seller was under no obligation "under the facts" of that case to refund to the defaulting purchaser the consideration paid pursuant to the contract. *Scott*, 247 N.C. at 72, 100 S.E.2d at 241. In *Walker*, this Court found it unnecessary to deviate from the general rule enunciated in *Scott* because application of that rule to the facts presented in *Walker* "produced no harsh result." *Walker*, 23 N.C. App. at 656, 209 S.E.2d at 539. Even if we read these cases as holding that in the absence of a forfeiture clause, one will be implied, it does not follow that in each instance it will be treated as a liquidated damages clause, as opposed to a penalty clause. That, however, is the construction placed on these cases by the majority and it is a construction with which I disagree.

I would reverse summary judgment and remand.

---

2. If there is "a doubt whether a sum is in fact a penalty or liquidated damages, courts are inclined to hold that it is a penalty." 22 Am. Jur. 2d *Damages* § 691 (1988). That determination presents a question of law, not a question of fact. *Id.* at § 692.